Robert L. SMITH, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0204–PC–308.

Court of Appeals of Indiana.

Sept. 16, 2002.

————

Susan K. Carpenter, Public Defender of Indiana, Linda K. Hughes, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge

Robert Smith appeals the denial of his amended petition for post-conviction relief, asserting that the post-conviction court erred when it determined consecutive habitual offender enhancements were properly imposed on Smith.[1]

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In February of 1997, Smith was charged with possession of cocaine,[2] possession of marijuana,[3] and carrying a handgun without a license.[4] In May of 1997, the State moved to amend the information by adding a count alleging Smith was an habitual offender. In January of 1998, Smith entered a plea of guilty to possession of cocaine, carrying a handgun without a license, and being an habitual offender. He was sentenced to concurrent two-year terms for the cocaine and handgun charges. The court imposed a four-year habitual offender enhancement that was to be served consecutively to the two-year terms.

The crimes to which Smith entered the guilty plea were committed while Smith was released on bond pending trial on unrelated charges of dealing in cocaine, possession of cocaine, and possession of marijuana. He was also charged with being an habitual offender in connection with those charges. In that case, Smith was convicted of possession of cocaine and of being an habitual offender. He was sentenced to a total of fourteen years in the Department of Correction. The six-year sentence imposed in January of 1998 was to run consecutively to the fourteen-year sentence. Smith brought a petition for post-conviction relief, asserting the imposition of consecutive habitual offender enhancements is illegal.

## DISCUSSION AND DECISION

 A post-conviction relief proceeding is not a substitute for trial and appeal, but is a process for raising issues that were unknown or not available at trial. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind.2002). If an issue was available on direct appeal but not litigated, it is deemed waived. *Madden v. State*, 656 N.E.2d 524, 526 (Ind.Ct.App.1995). However, waiver of an issue may be avoided if the failure to present an issue on direct appeal was due to the ineffectiveness of appellate counsel. *Sharp v. State*, 684 N.E.2d 544, 546 (Ind. Ct.App.1997), *trans. denied* 690 N.E.2d 1187 (Ind.1997). Smith bore the burden in the post-conviction court of establishing the grounds for relief by a preponderance of the evidence. Ind. Post Conviction Rule 1(a)(5). Because Smith appeals from a

---

1. Smith also asserts that his trial counsel was ineffective for acquiescing to the consecutive enhancements. Because we find that the trial court improperly imposed consecutive sentences, we need not address this allegation of error.

2. Ind.Code § 35–48–4–6.

3. Ind.Code § 35–48–4–11.

4. Ind.Code § 35–47–2–1.

negative judgment delivered by the post-conviction court, we will reverse the denial of post-conviction relief only if the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Davidson,* 763 N.E.2d at 443. In this review, findings of fact are accepted unless "clearly erroneous," Ind. Trial Rule 52(A), but no deference is accorded conclusions of law. *Id.* at 443–44. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.* at 444.

We believe our recent holding in *Ingram v. State,* 761 N.E.2d 883 (Ind.Ct.App.2002) controls and does not permit Smith's consecutive sentence enhancements. In *Ingram,* the trial court imposed consecutive habitual offender enhancements on Ingram after he entered guilty pleas in two different causes and had admitted in each cause to being an habitual offender.

We first noted in *Ingram* that our supreme court had determined in *Starks v. State,* 523 N.E.2d 735 (Ind.1988) that consecutive habitual offender sentences are improper because the applicable statute does not authorize them. The court noted that Ind.Code § 35–50–2–8, the habitual offender statute, provides that a person may be sentenced as an habitual offender for "any" felony. It further noted that subsection (e) of the statute, which addresses the length of the enhancement, does not explicitly exclude the possibility of multiple applications of the section. Still, it found the imposition of consecutive habitual offender sentences improper:

> I.C. 35–50–1–2, quoted above as well, grants sentencing courts the power to order consecutive sentences in their discretion. The provision appears unlimited in scope, applying to the class of all sentences. Yet the power to order consecutive sentences is subject to the rule of rationality and the limitations in the

constitution. The sentence enhanced under the habitual offender statute is a special statutory one. It can have the dramatic effect of increasing a single sentence from two years to half a lifetime. A basis for such a gross impact is the existence of the two prior unrelated felony convictions and sentences, and the dangerous nature of the offender which they bespeak. A basis for the gross impact which consecutive sentences may have is, by contrast, the moral principle that each separate and distinct criminal act deserves a separately experienced punishment. Furthermore the habitual offender status determination carries a more binding effect upon the sentence that [sic] does the determination of multiple criminal acts. Therefore, the purpose and process of the felony habitual offender statute has special and distinct dimensions.

> In sum, it is apparent, from a study of the present statutes, that such statutes are silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively, when engaged in the process of meting out several sentences. In the absence of express statutory authorization for such a tacking of habitual offender sentences, there is none.

*Ingram,* 761 N.E.2d at 885, quoting *Starks,* 523 N.E.2d at 736–37.

■ The State asserts that Smith's case requires consecutive sentence enhancements because Smith committed his second offenses while he was released on bond pending trial on his first offenses. A sentence imposed for a crime committed while released on bond for another crime must be served consecutively to the sentence imposed for the first crime. Ind. Code § 35–50–1–2(d). However, the habitual offender determination does not amount to a separate crime with a sepa-

rate sentence, *Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind.2001), and a sentence enhanced by the habitual offender finding is to be treated as one sentence. *Collins v. State*, 583 N.E.2d 761, 765 (Ind. Ct.App.1991).[5] Therefore, the State reasons, the trial court was obliged to require that Smith's sentences, including both enhancements, be served consecutively.

The State distinguishes prior decisions holding consecutive habitual offender enhancements improper in that those cases involved enhanced consecutive sentences that were imposed after a single criminal trial. *See, e.g., Starks*, 523 N.E.2d at 735 (consecutive enhanced sentences imposed "at a single criminal trial"); *McCotry v. State*, 722 N.E.2d 1265, 1268 (Ind.Ct.App. 2000), *trans. denied* 735 N.E.2d 229 (Ind. 2000) ("the trial court exceeded its legislative authorization when it imposed consecutive habitual offender sentence enhancements at a single criminal trial."); *Weaver v. State*, 676 N.E.2d 22, 26–27 (Ind.Ct.App. 1997), *trans. denied* 683 N.E.2d 585 (Ind. 1997) (consecutive enhanced felony sentences, both of which were further enhanced by four and one-half years because of habitual offender determination, improperly imposed after guilty plea to both charged counts in a single proceeding). While we acknowledge the factual distinction the State has raised, we note, as did our supreme court, the absence of express statutory authorization for imposing multiple habitual offender sentences, whether in a single proceeding or in multiple proceedings.

We further note that in *Ingram*, we found such consecutive enhancements improper in a situation where the sentences were imposed in a single sentencing proceeding but where the defendant had entered guilty pleas in two different causes. The State does not explain why consecu-

tive habitual offender enhancements in two different causes, which we determined to be improper in *Ingram*, should be permitted in the case before us merely because the sentencing here took place in separate proceedings instead of in a single proceeding. We decline to so hold.

The State's position does not take into account the "special and distinct dimensions" of the habitual offender enhancement our supreme court recognized in *Starks*, and cannot be reconciled with our decision in *Ingram*. Ingram's consecutive habitual offender sentences did not arise from a single criminal trial, as Ingram was sentenced for a number of crimes that had been prosecuted as two different causes. They did arise from a single sentencing proceeding where Ingram was sentenced on both of the causes.

As a result, the trial court in the case before us erred when it ordered Smith's habitual offender sentences to run consecutively. We remand to the trial court with instructions to order that the habitual offender enhancements in the two causes be served concurrently and to resentence Smith in accordance with this opinion.

RILEY, J., and ROBB, J., concur.

---

**5.** *Collins* involved the question of whether the habitual offense enhancement was suspenda-

ble, and did not involve the imposition of consecutive enhancements.