ATTORNEY FOR APPELLANT
Joseph M. Cleary
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

In the
Indiana Supreme Court



No. 20S04-0810-CR-561

BYRON BREASTON,

Appellant (Defendant below),

v.

STATE OF INDIANA,

Appellee (Plaintiff below).

Appeal from the Elkhart Superior Court, No. 20D01-0607-FD-66
The Honorable Evan Roberts, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 20A04-0712-CR-727

**June 16, 2009**

**Sullivan, Justice.**


Following unrelated criminal trials, Byron Breaston received habitual offender enhancements to his sentences. He was ordered to serve these habitual offender enhancements consecutively. Starks v. State held that it was improper for the trial court to order consecutive habitual offender enhancements at a single criminal trial. 523 N.E.2d 735, 737 (Ind. 1988). Smith v. State applied this holding to separate sentencing proceedings. 774 N.E.2d 1021, 1024 (Ind. Ct.

App. 2002), <u>trans. denied</u>.  As such, it was incorrect to impose consecutive habitual offender enhancements in the present case.

## Background

In December, 2003, Byron Breaston was convicted of Class D felony theft and sentenced to two years.  Breaston was placed on work release, but on February 1, 2004, he did not return to detention.  Breaston was apprehended and charged with, and ultimately convicted of, Class D felony escape and being a habitual offender.  On November 17, 2004, he was sentenced to three years for the felony escape conviction, enhanced by four and one-half years for being a habitual offender.[1]

The instant case arises from a different set of charges.  On February 18, 2004, the State charged Breaston with theft, a Class D felony, and being a habitual offender.  A jury found Breaston guilty of both counts.  On November 29, 2004, he was sentenced to three years for the theft conviction, enhanced by four and one-half years due to the habitual offender finding.  These sentences, including the new habitual offender enhancement, were ordered to be served consecutively to the prior habitual offender enhancement.  Breaston appealed.

Breaston argued that <u>Smith</u> dictates that the imposition of consecutive habitual offender enhancements is improper, even where the enhancements arise from separate and unrelated trials or sentencing hearings.  <u>Breaston v. State</u>, 893 N.E.2d 6, 15 (Ind. Ct. App. 2008) (<u>citing</u> <u>Smith</u>, 774 N.E.2d at 1024).  The Court of Appeals rejected Breaston's contention.  It held that Ind. Code § 35-50-1-2(d), which requires the defendant's sentences to be served consecutively under certain circumstances, mandated consecutive habitual offender enhancements here.  <u>Breaston</u>,

---

[1] On March 6, 2006, Breaston filed a petition for post-conviction relief, arguing, inter alia, that one of the underlying predicate offenses used to support his habitual offender enhancement did not meet the statutory requirements.  The post-conviction court granted relief.  On appeal, the Court of Appeals reversed on grounds of absence of prejudice because it found that Breaston had other valid predicate offenses that would support the habitual offender enhancement.  <u>Breaston v. State</u>, 894 N.E.2d 1110 (Ind. Ct. App. 2008) (table), <u>trans. denied</u>.

893 N.E.2d at 15. Breaston petitioned for, and we granted, transfer. <u>Breaston v. State</u>, 898 N.E.2d 1227 (Ind. 2008) (table).

Breaston raised numerous other issues before the Court of Appeals. We only address the issue of whether the habitual offender enhancements may be ordered to be served consecutively.[2]

## Discussion

Indiana Code § 35-50-2-8, the habitual offender statute, provides that a person is a habitual offender if the jury or the court finds that the person "has accumulated two (2) prior unrelated felony convictions." The State must prove beyond a reasonable doubt that the person accumulated two prior unrelated felony convictions. I.C. § 35-50-2-8(g).

Indiana Code § 35-50-1-2 governs the authority of courts to order consecutive sentences. This court has previously faced the question of whether this statute requires consecutive sentences for multiple habitual offender counts. <u>See</u> <u>Starks</u>, 523 N.E.2d at 735. In <u>Starks</u>, the trial court sentenced defendant on multiple theft convictions and imposed a 30 year habitual offender enhancement on each of two of those convictions, to be served consecutively. <u>Id.</u>

We held that it had been improper for the trial court to have ordered the sentences for the two habitual offender enhancements to be served consecutively. <u>Id.</u> at 737. We noted that I.C. § 35-50-2-8 provides that a person may be sentenced as a habitual offender for "any" felony. <u>Id.</u> at 736. We further noted that subsection (e) of the statute, which addresses the length of the enhancement, does not explicitly exclude the possibility of multiple applications of the section. <u>Id.</u>

---

[2] The issues Breaston raised on appeal were whether: (1) the trial court erred in denying his request for a mistrial; (2) the evidence was insufficient to support the finding that he was a habitual offender; (3) the trial court erred when it allowed the State to amend the habitual offender enhancement information; (4) sentences resulting from separate findings that one is a habitual offender in separate criminal proceedings may be served consecutively to one another; (5) the trial court erred in admitting certain evidence at trial; and (6) the trial court erred in denying his motion to dismiss. <u>Breaston</u>, 893 N.E.2d at 9. We summarily affirm the decision of the Court of Appeals as to issues not addressed in this opinion. Ind. Appellate Rule 58(A)(2).

Nevertheless, we determined that consecutive habitual offender sentences were improper.  Id. at 737.

Indiana Code § 35-50-1-2 provides that a court has discretion to determine whether terms of imprisonment are to be served concurrently or consecutively.  In Starks, we discussed the policies that distinguish the power to impose consecutive sentences and the power to enhance sentences based on a finding of habitual offender status:

> The provision appears unlimited in scope, applying to the class of all sentences. Yet the power to order consecutive sentences is subject to the rule of rationality and the limitations in the constitution.  The sentence enhanced under the habitual offender statute is a special statutory one.  It can have the dramatic effect of increasing a single sentence from two years to half a lifetime.  A basis for such a gross impact is the existence of the two prior unrelated felony convictions and sentences, and the dangerous nature of the offender which they bespeak.  A basis for the gross impact which consecutive sentences may have is, by contrast, the moral principle that each separate and distinct criminal act deserves a separately experienced punishment.  Furthermore the habitual offender status determination carries a more binding effect upon the sentence tha[n] does the determination of multiple criminal acts.  Therefore, the purpose and process of the felony habitual offender statute has special and distinct dimensions.
>
> In sum, it is apparent, from a study of the present statutes, that such statutes are silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively, when engaged in the process of meting out several sentences.  In the absence of express statutory authorization for such a tacking of habitual offender sentences, there is none.

523 N.E.2d at 736-37.

Since Starks, the Court of Appeals has also addressed the issue of whether consecutive habitual offender sentences are proper.  In Smith, the trial court ordered habitual offender sentences to be served consecutively.  774 N.E.2d at 1024.  The Court of Appeals found that imposing consecutive habitual offender enhancements was improper, even where the enhancements arose from separate and unrelated trials or sentencing hearings.  Id.  The court relied on its holding in Ingram v. State, 761 N.E.2d 883, 885-86 (Ind. Ct. App. 2002) (holding that consecutive sentencing on two habitual offender enhancements resulting from two different causes but sen-

4

tenced in a single sentencing proceeding was improper under <u>Starks</u>), to conclude <u>Starks</u> also covers separate sentencing proceedings. <u>Smith</u>, 774 N.E.2d at 1024. The court found no reasoning to distinguish consecutive habitual offender enhancements in situations where the sentencing takes place in separate proceedings from those where it occurs in a single proceeding. <u>Id.</u> We agree.

Under Indiana law, a trial court cannot order consecutive habitual offender sentences. <u>Starks</u>, 523 N.E.2d at 737; <u>Weaver v. State</u>, 676 N.E.2d 22, 27 (Ind. Ct. App. 1997) (reversing and remanding defendant's two consecutive habitual offender sentence enhancements with instructions to resentence defendant as a habitual offender on only one of the convictions), <u>trans. denied</u>. This holds true whether the concurrent enhanced sentence is imposed in a single proceeding or in separate proceedings. <u>Smith</u>, 774 N.E.2d at 1024. In the more than two decades since this Court issued <u>Starks</u>, the relevant portions of the consecutive sentencing statute has remained unchanged. Both stare decisis and legislative acquiescence support this result.

We acknowledge a factual distinction between this case and the precedents just discussed. Unlike those cases, Breaston committed the crime with respect to which the second habitual offender enhancement was imposed after being arrested for, but before, being discharged from the first.

Indiana Code § 35-50-1-2(d) provides that:

> If, after being arrested for one (1) crime, a person commits another crime:
> > (1) before the date the person is discharged from probation, parole, or a
> > term of imprisonment imposed for the first crime; or
> > (2) while the person is released:
> > > (A) upon the person's own recognizance; or
> > > (B) on bond;
> the terms of imprisonment for the crimes shall be served consecutively, regardless
> of the order in which the crimes are tried and sentences are imposed.

The Court of Appeals held that this provision mandates that, in the "after being arrested" circumstance, not only the sentences on the instant offenses, but also any habitual offender enhancements imposed with respect thereto, must be imposed consecutively.[3]

We find this to be a respectable position but ultimately disagree with our colleagues. The language of I.C. § 35-50-1-2(d) was enacted by the Legislature in 1987. 1987 Ind. Acts 3039, Pub. L. No. 330, § 1.[4] As such, the statute was in its present form when this Court wrote Starks in 1988. As quoted above, Starks held that "[i]n the absence of express statutory authorization for . . . a tacking of habitual offender sentences, there is none." 523 N.E.2d at 737. We hold that this principle applies in the "after being arrested" circumstance of I.C. § 35-50-1-2(d). The statute does not expressly authorize multiple habitual offender enhancements to be imposed consecutively.

In Starks, we recognized that the "special and distinct dimensions" of the habitual offender enhancement precludes a trial court from ordering habitual offender sentences to run consecutively. The trial court in this case erred when it ordered the habitual offender sentences to run consecutively.

## Conclusion

We reverse the trial court's imposition of consecutive habitual offender enhancements, and remand this case to the trial court with instructions that the trial court order the habitual offender enhancement in this case to be served concurrently with the prior enhancement and to resentence Breaston in accordance with this opinion. No hearing is required. In all other respects, we summarily affirm the opinion of the Court of Appeals, pursuant to App. R. 58(A)(2).

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

---

[3] The Court of Appeals adopted this analysis sua sponte; the State did not make this argument to the Court of Appeals, nor did the State file a response to Breaston's petition to transfer.

[4] This language was added to I.C. § 35-50-1-2 by the General Assembly in 1987. 1987 Ind. Acts 3039, Pub. L. No. 330, § 1. The subsection was redesignated as subsection (d) in 1995 without substantive change. 1995 Ind. Acts 4168, Pub. L. No. 304, §1.