## FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TODD J. CRIDER | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 91A05-1108-CR-389 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITE SUPERIOR COURT
The Honorable Robert B. Mrzlack, Judge
Cause No. 91D01-1012-FD-150

**March 29, 2012**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Todd J. Crider pleaded guilty to theft as a class D felony and admitted to being a Habitual Offender. Pursuant to the terms of a written plea agreement, the trial court sentenced Crider to three years on the theft conviction and enhanced such sentence by three years based on his status as a habitual offender. The trial court ordered that the sentence imposed in this cause be served consecutively to a sentence imposed in a separate cause in Tippecanoe County for an underlying conviction and habitual offender finding. On appeal, Crider challenges his sentence, presenting the following issue for our review: Did the trial court erroneously order the sentence in the instant cause, which includes an enhancement for a habitual offender finding, be served consecutively to the sentence imposed in a separate cause in a different county that also included a habitual offender enhancement?

We dismiss.

On December 1, 2010, the State charged Crider with theft as a class D felony. On February 23, 2011, the State amended the charging information to include a habitual offender allegation. On May 31, 2011, the State and Crider submitted to the court a written plea agreement in which Crider agreed to plead guilty as charged and admit his status as a habitual offender. Under the terms of the plea agreement, Crider was to be sentenced to three years for the class D felony theft conviction and such sentence was to be enhanced by an additional three years for the habitual offender determination.

The final sentence of the plea agreement as originally drafted provided "The sentence in Count II shall be served concurrent with an habitual offender enhancement received in Tippecanoe County." *Appellant's Appendix* at 9. This line is crossed out and is initialed by both Crider and his counsel. Further, the plea agreement originally called for a sentence of

2

one and one-half years to be enhanced by one and one-half years for the habitual offender

determination. Each of these terms is likewise crossed out, replaced with three years,

initialed by Crider, his counsel, and the prosecutor. The plea agreement also provided:

> 4. The Defendant waives his right to appeal any sentence imposed by the
> trial court that is within the range set forth in the plea agreement. Further, the
> Defendant knowingly, intelligently and voluntarily waives his right to
> challenge the sentence on the basis that it is erroneous.

*Id.*

At the guilty plea hearing, the trial court found that that a sufficient factual basis

existed for Crider's plea and that Crider knowingly and voluntarily entered his plea. The

court held a sentencing hearing on July 18, 2011. At the sentencing hearing, Crider filed a

sentencing memorandum in which he challenged the legality of serving the sentence called

for in the plea agreement consecutively to the sentence already imposed in Tippecanoe

County in which he had also been subjected to a habitual offender enhancement. Crider

argued to the court:

> Judge, I - - briefly touching on the memorandum, the defendant was sentenced
> in Tippecanoe County on a habitual offender charge I believe in May of this
> year. It's [Crider's] belief and opinion that the habitual offender charge in that
> case, as well as in this case, those enhancements should be run concurrent,
> even if the underlying sentences may be run consecutive and then consecutive
> to one another. Other than that, we believe the plea agreement to be
> appropriate and request that the Court accept the agreement as presented.

*Transcript* at 26.

Citing Ind. Code Ann. § 35-50-2-8 (West, Westlaw current through 2011 1st Regular

Sess.), the trial court rejected Crider's challenge to the court's authority to order the sentence

in the present case inclusive of the habitual offender enhancement consecutively to the

sentence in Tippecanoe County that likewise included a habitual offender enhancement. The trial court then sentenced Crider in accordance with the terms of the plea agreement set out above. The trial court further ordered the sentence in this case be served consecutively to the sentence imposed in Tippecanoe County. Crider now appeals.

Crider is correct that as a general rule, consecutive habitual offender enhancements are not authorized by statute and are therefore improper. *See Breaston v. State*, 907 N.E.2d 992 (Ind. 2009) (citing *Starks v. State*, 523 N.E.2d 735 (Ind. 1988); *Smith v. State*, 774 N.E.2d 1021 (Ind. Ct. App. 2002), *trans. denied*). We agree with the State, however, that Crider has waived his right to challenge his sentence as erroneous in this respect.

As noted above, as a term of his plea agreement, Crider agreed that he "knowingly, intelligently and voluntarily waive[d] his right to challenge the sentence on the basis that it is erroneous." *Appellant's Appendix* at 9. Clearly, whether the sentence in this cause was to be served consecutively or concurrently with the sentence already imposed in Tippecanoe County was a matter within the contemplation of the parties as they negotiated the terms of the plea agreement. Indeed, as originally drafted, the plea agreement provided that the habitual offender enhancements imposed as part of the two sentences would be served concurrently. This provision was crossed out and initialed by Crider and his counsel. Additionally, prior to being sentenced, Crider challenged the trial court's authority to order the habitual offender enhancements of the two sentences to be served consecutively by submitting a memorandum to the trial court and presenting an argument addressing such issue at the sentencing hearing. Under these circumstances, it is apparent that Crider was well aware that the trial court might order the sentences served consecutively, and yet, Crider

4

moved forward with the plea agreement in its current form, i.e., with no provision regarding the consecutive/concurrent aspect of the sentence in this cause with the sentence already imposed in Tippecanoe County.

Although Crider is not challenging the sentence specified under the terms of the plea agreement as outside the range set forth in the plea agreement, he is alleging the sentence was erroneous in another respect, on grounds at the time he entered the agreement of which he was well aware. Crider "knowingly, intelligently and voluntarily waive[d] his right to challenge the sentence on the basis that it is erroneous." *Appellant's Appendix* at 9.

Appeal dismissed.

MATHIAS, J., concurs.

RILEY, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

TODD J. CRIDER,                          )
                                         )
    Appellant-Defendant,              )
                                         )
        vs.                       )     No. 91A05-1108-CR-389
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.               )

**RILEY, Judge, dissenting**

I respectfully disagree with the majority's conclusion that Crider waived his claim that he was illegally sentenced. As the majority notes, consecutive habitual offender enhancements are not authorized by statute and are therefore improper. *See Breaston v. State,* 907 N.E.2d 992 (Ind. 2009). The State argues, and the majority agrees, however, that Crider waived his argument that his sentence was illegal by voluntarily entering into a plea agreement with the knowledge that the trial court could order his habitual offender sentences to run consecutively.

We acknowledge that our supreme court has upheld illegal sentences where a

6

defendant has entered into a plea agreement calling for an illegal sentence and then benefitted from that sentence. *See, e.g., Lee v. State,* 816 N.E.2d 35, 40 (Ind. 2004). As the *Lee* court explained, "[D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy. Striking a favorable bargain including a consecutive sentence the court might otherwise not have the ability to impose falls within this category." *Id.* (quoting *Davis v. State,* 771 N.E.2d 647, n.4 (Ind. 2002)). The distinguishing factor between *Lee* and the instant case is that Crider did not agree to the trial court's illegal sentence through a plea agreement. As the majority notes, the original draft of the plea agreement provided that the habitual offender enhancements would be served concurrently, yet that provision was crossed out and initialed by Crider and his counsel in the final version. Thus, the plea agreement did not contain any reference to whether the sentence would be served concurrently or consecutively.

The majority argues that because the original draft of the plea contained this provision of concurrent habitual offender enhancements, and because Crider challenged the trial court's authority to order his sentences to be served consecutively during his sentencing hearing, Crider had knowledge that the trial court might order the sentences served consecutively. However, knowledge is not equivalent to consent, and the evidence of Crider's arguments illustrates that the opposite is true—Crider did not consent to the illegal sentence. Thus, because Crider did not consent to the illegal sentence in his plea agreement, he cannot be said to have benefitted from that sentence as a result of his agreement. Accordingly, I would remand to the trial court with instructions to modify Crider's sentence.