**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT *PRO SE*:

**SHAWN L. RIGSBY**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAWN RIGSBY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1304-CR-120 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck Jr., Judge
Cause No. 02D04-9804-CF-200

**September 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

In January of 1998, Appellant-Defendant Shawn Rigsby was convicted of a felony offense and determined to be a habitual offender. In April of 1999, Rigsby was convicted of Class B felony burglary, and again determined to be a habitual offender. His sentence relating to the 1999 conviction, including the habitual offender sentence enhancement, was ordered to be run consecutively to his sentence for the 1998 conviction and habitual offender sentence enhancement. Rigsby subsequently filed a motion to correct erroneous sentence, arguing that it was error to order that his habitual offender enhancements run consecutively.

On January 29, 2013, the trial court issued an order amending Rigsby's 1999 habitual offender enhancement so as to produce the same effect as if it had been ordered to run concurrently to the 1998 habitual offender enhancement. Concluding that, despite the trial court's modification, the sentencing order still orders the 1999 habitual offender enhancement to run consecutively to the 1998 habitual offender enhancement, we reverse and remand to the trial court with instructions to sentence Rigsby in accordance with this memorandum decision.

**FACTS AND PROCEDURAL HISTORY**

On January 8, 1998, under cause number 02D04-9801-DF-29 ("Cause No. DF-29"), Rigsby was charged with a felony and alleged to be a habitual offender. Rigsby was subsequently convicted of the felony charge and determined to be a habitual offender. The trial court sentenced Rigsby to a term of two years for his felony conviction and enhanced his sentence by a term of three years as a result of his status as a habitual offender.

2

On April 7, 1998, under cause number 02D04-9804-CF-200 ("Cause No. CF-200"), the State charged Rigsby with Class B felony burglary. On July 17, 1998, the State amended the charging information to include an allegation that Rigsby was a habitual offender. On April 16, 1999, Rigsby was found guilty of Class B felony burglary.[1] Rigsby was again determined to be a habitual offender.

On April 30, 1999, the trial court sentenced Rigsby to a term of fifteen years for his Class B felony burglary conviction. The trial court also enhanced Rigsby's sentence by a term of thirty years as a result of his status as a habitual offender. The trial court ordered that Rigsby's sentence in Cause No. CF-200 run consecutively to the sentences imposed in Cause No. DF-29 and an additional unrelated criminal case.

On January 7, 2013, Rigsby filed a motion to correct erroneous sentence. In this motion, Rigsby alleged that the trial court erroneously ordered his habitual offender enhancement in Cause No. CF-200 to run consecutively to his habitual offender enhancement in Cause No. DF-29. The State responded, noting that pursuant to the Indiana Supreme Court's opinion in *Breaston v. State*, 907 N.E.2d 992 (Ind. 2009), it was error to order that Rigsby's two habitual offender enhancements be served consecutively.

On January 29, 2013, the trial court acknowledged that it was error to order that Rigsby's two habitual offender enhancements run consecutively, and determined that Rigsby was "therefore entitled to [a] modification of his sentence … so as to produce the same effect

---

[1] Rigsby's conviction was affirmed on appeal in *Rigsby v. State*, 02A04-9909-CR-419 (Ind. Ct. App. April 25, 2000).

as if the two enhancements … had been ordered to run concurrently." Appellant's App. p. 13. The trial court reduced the second enhancement by three years, the length of the first enhancement. This appeal follows.

## DISCUSSION AND DECISION

On appeal, Rigsby contends that the trial court abused its discretion in modifying his sentence because the January 29, 2013 order did not correct the erroneous prior order that Rigsby's habitual offender enhancement in Cause No. CF-200 be run consecutively to his habitual offender enhancement in Cause No. DF-29. Upon appeal, we review a trial court's decision to modify erroneous sentence for an abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). "An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id*. "However, the trial court's legal conclusions are reviewed under a de novo standard of review." *Id*.

"Indiana Code § 35-50-2-8, the habitual offender statute, provides that a person is a habitual offender if the jury or the court finds that the person 'has accumulated two (2) prior unrelated felony convictions.'" *Breaston v. State*, 907 N.E.2d 992, 993 (Ind. 2009). However, "[u]nder Indiana law, a trial court cannot order consecutive habitual offender sentences." *Id*. at 994. This holds true whether the enhanced sentences are imposed in a single proceeding or in separate proceedings. *Id*. at 995.

Here, in ruling on Rigsby's motion to correct erroneous sentence, the trial court acknowledged that it was error to order Rigsby's habitual offender enhancement in Cause

4

No. CF-200 to run consecutively to his habitual offender enhancement in Cause No. DF-29. As such, the trial court determined that Rigsby was "entitled to [a] modification of his sentence … so as to produce the same effect as if the two enhancements … had been ordered to run concurrently." Appellant's App. p. 13. The trial court reduced the second enhancement by three years, the length of the first enhancement.

While we agree that, in effect, the trial court's order put Rigsby in the same position he would have been in had the enhancements been ordered to run concurrently, the trial court's order did not correct the complained-of error in the original sentencing order, which ordered Rigsby's second habitual offender enhancement to run consecutively to the first. As such, we reverse and remand to the trial court with instructions to re-impose the original thirty-year term of the habitual offender enhancement from Cause No. CF-200, to order that that enhancement be served concurrently to the habitual offender enhancement from Cause No. DF-29, and to enter a sentencing order which sentences Rigsby in accordance with this direction. No hearing is required.

The judgment of the trial court is reversed and the matter remanded with instructions. BAILEY, J., and MAY, J., concur.