## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 29 2015, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT, PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| William A. Russell<br>Pendleton Correctional Facility<br>Pendleton, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Tyler G. Banks<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William A. Russell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 29, 2015<br><br>Court of Appeals Case No.<br>41A04-1504-CR-155<br><br>Appeal from the Johnson Circuit Court<br><br>The Honorable K. Mark Loyd, Judge<br><br>Trial Court Cause No.<br>41C01-0511-FB-24 |

**Pyle, Judge.**

# Statement of the Case

William A. Russell ("Russell"), pro se, appeals the trial court's order denying his fourth motion to correct erroneous sentence, in which he alleged that the charging information for the habitual offender allegation was flawed and challenged the sufficiency of the evidence to support the habitual offender determination. On appeal, Russell does not argue or show how the trial court's denial of his motion was erroneous. Instead, he merely rehashes his arguments made to the trial court regarding his challenge to his habitual offender allegation and determination. Because a motion to correct erroneous sentence is limited to correcting sentencing errors apparent on the face of the judgment and Russell raises issues outside of this context, we conclude that the trial court did not err by denying his motion to correct erroneous sentence.

Affirmed.

# Issue

Whether the trial court erred by denying Russell's motion to correct erroneous sentence.

# Facts

The underlying facts of Russell's case were set forth in our opinion from Russell's appeal of the denial of his third motion to correct erroneous sentence:

> On November 7, 2005, Russell, with the intent to commit a theft therein, entered the residence of Christopher Stainbrook. Stainbrook awoke to find Russell in his bedroom. Stainbrook

subsequently discovered that Russell had stolen $52.00 from inside of Stainbrook's girlfriend's purse.

On November 9, 2005, Appellee-Plaintiff the State of Indiana (the "State") charged Russell with Class B felony burglary. The State also alleged that Russell was a habitual offender. On November 14, 2006, the trial court found Russell guilty of Class B felony burglary. The trial court also found that Russell was a habitual offender. The trial court subsequently sentenced Russell to a term of twenty years for Class B felony burglary and enhanced the sentence by an additional twenty-year term by virtue of Russell's status as a habitual offender. The trial court's sentencing order makes no mention as to whether Russell's sentence was to be run consecutive to his prior unrelated sentence.

On January 11, 2007, Russell filed a notice of appeal. Russell subsequently filed a motion to dismiss the appeal, which was dismissed with prejudice on June 4, 2007. On October 27, 2008, Russell filed a petition for post-conviction relief ("PCR petition"). Russell did not raise any challenge relating to his sentence in his PCR petition. A hearing was held on Russell's PCR petition on August 10, 2009, after which the post-conviction court denied Russell's request for post-conviction relief.

On August 4, 2011, Russell, by counsel, filed a motion to correct erroneous sentence. In this motion, Russell claimed that his sentence was erroneous pursuant to Indiana Code section 35-38-1-15 and the Indiana Supreme Court's opinion in *Breaston v. State,* 907 N.E.2d 992 (Ind. 2009) because he was on parole for an unrelated conviction, the sentence for which has also been enhanced by virtue of his status as a habitual offender, at the time that he was sentenced in the instant matter. The trial court subsequently denied Russell's motion. Russell filed a notice of appeal on September 16, 2011. On January 30, 2012, Russell

filed a motion to dismiss the appeal. Russell's appeal was thereafter dismissed with prejudice.

On December 13, 2012, Russell, again by counsel, filed a second motion to correct erroneous sentence. In this motion, Russell again claimed that his sentence was erroneous under Indiana Code section 35-38-1-15 and the Indiana Supreme Court's opinion in *Breaston.* Russell attached a document which he claimed indicated that he was still on parole for his prior unrelated conviction at the time he was sentenced in the instant matter. Russell, however, failed to present any proof that the instant sentence was ordered to run consecutive to the sentence that was imposed in relation to his prior unrelated conviction. On January 25, 2013, the trial court denied Russell's December 13, 2012 motion. Russell subsequently filed a motion to correct error, which was denied by the trial court on March 13, 2013. Russell did not appeal the trial court's denial of his motion to correct error.

On April 7, 2014, Russell, again by counsel, filed a third motion to correct erroneous sentence. The April 7, 2014 motion was identical to the motion filed by Russell on December 13, 2012. The trial court denied Russell's third motion to correct an erroneous sentence on May 30, 2014.

*Russell v. State*, 2014 WL 6609074, *1-2 (Ind. Ct. App. Nov. 21, 2014) (footnotes omitted). Russell then appealed the denial of his third motion to correct erroneous sentence. This Court affirmed the trial court's denial of the motion, holding that Russell's third motion to correct erroneous sentence was barred by the doctrine of res judicata. Specifically, we held that "the trial court's previous rulings on Russell's repetitious motions, both of which became final judgments, [were] an absolute bar to Russell again raising the claim at issue in this appeal."

*Id.* at *3.  Additionally, we explained that, even if the doctrine of res judicata did not apply, Russell's argument on appeal would fail because he did not claim that his sentence was erroneous on the face of the judgment and required consideration of materials outside of the judgment.  *Id.*  We further explained that, pursuant to *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004), his argument was not one that could be adjudicated through a motion to correct erroneous sentence and should have, instead, been brought in a petition for post-conviction relief.  *Id.* at *4.

[4]  On March 2, 2015, Russell, pro se, filed his fourth motion to correct erroneous sentence pursuant to INDIANA CODE § 35-38-1-15.  In his motion, Russell attacked his habitual offender enhancement and argued that:  (1) the State had used related felonies as the basis of his habitual offender enhancement; and (2) the charging information for his habitual offender allegation was insufficient because it did not contain offense and sentencing dates for his prior convictions.  Ten days later, the trial court denied Russell's motion.  Russell now appeals.[1]

## Decision

[5]  Russell appeals the trial court's denial of his motion to correct erroneous sentence pursuant to INDIANA CODE § 35-38-1-15.  We review a trial court's

---

[1] The same day that Russell filed his motion to correct erroneous sentence, he also filed a "Motion for Change of Venue from Judge" and a "Verified Application for Leave to Prosecute or Defendant [sic] Action as a Poor Person and for Assignment of Counsel."  (App. 12).  The trial court denied these motions on the same day as it denied Russell's motion to correct erroneous sentence.  Russell does not appeal the denial of these other motions.

denial of a motion to correct erroneous sentence for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

[6] An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to INDIANA CODE § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). INDIANA CODE § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[7] A statutory motion to correct erroneous sentence "may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson,* 805 N.E.2d at 787. "Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). If a claim requires consideration of the proceedings before, during, or after trial, it may not be presented by way of a motion to correct erroneous sentence. *Robinson*, 805 N.E.2d at 787. Such claims are best addressed on direct appeal or by way of a petition for post-conviction relief where applicable.

*Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied[.]" *Id.*

[8] Here, Russell does not allege that his sentence is facially erroneous. Instead, he challenges his habitual offender determination and enhancement. The errors he alleges are not clear from the face of the sentencing order and are not appropriate for a motion to correct erroneous sentence. *See Robinson*, 805 N.E.2d at 787. Accordingly, because he has failed to show that the trial court abused its discretion by denying his motion, we affirm the trial court's judgment. *See, e.g.*, *Bauer v. State*, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (affirming the trial court's denial of the defendant's motion to correct erroneous sentence where the defendant's claims required consideration of matters in the record outside the face of the judgment and were, accordingly, not the types of claims properly presented in a motion to correct erroneous sentence), *trans. denied.*

[9] Affirmed.

Vaidik, C.J., and Robb, J., concur.