## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 20 2016, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Deidre R. Eltzroth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey S. Heironimus,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 20, 2016

Court of Appeals Case No.
82A05-1602-PC-391

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely,
Judge
The Honorable Kelli E. Fink,
Magistrate

Trial Court Cause No.
82C01-1303-PC-6

**Barnes, Judge.**

# Case Summary

[1] Jeffrey Heironimus appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm.

# Issues

[2] Heironimus raises two issues, which we restate as:

    I.      whether he was denied the effective assistance of trial counsel or his guilty plea was involuntary because he was not properly advised regarding the habitual offender enhancement; and

    II.     whether he was denied the effective assistance of trial counsel or his guilty plea was involuntary because he was not advised regarding an alleged defense to the charge.

# Facts

[3] In May 2011, Heironimus was charged with Class C felony robbery for robbing a bank in Evansville. The State also alleged that he was an habitual offender.[1] In January 2012, the State also charged Heironimus with Class D felony attempted obstruction of justice and again alleged that he was an habitual offender. The State alleged that Heironimus "knowingly sen[t] a letter to Bradford Talley, who was a witness in [the robbery case], with the intent to

---

[1] Heironimus was found guilty of Class C felony robbery and found to be an habitual offender. We affirmed his conviction on direct appeal. *See Heironimus v. State*, No. 82A01-1204-CR-152 (Ind. Ct. App. Nov. 1, 2012). In a companion case to this appeal, we also affirmed the post-conviction court's denial of his petition for post-conviction relief. *See Heironimus v. State*, No. 82A01-1602-PC-394 (Ind. Ct. App. _____, 2016).

induce Bradford Talley, by threat or coercion, to withhold testimony in that proceeding, which conduct constituted a substantial step toward that commission of the said crime of Obstruction of Justice . . . ." Petitioner's Ex. D. The letter in question was sent to Talley, who witnessed Heironimus fleeing the bank after the robbery and who was a stranger to Heironimus. It stated:

> I hope to get your ear before the state does. The prosecutor & cops are going to try & have you appear @ my trial and point me out, to say you saw me in a red truck. Using this testimony they are trying to prove I was the guy who robbed a bank! They are trying to give me as much as 50 yrs! Crazy dude! Anyway, I didn't do this – the guy driving the red truck, it was his bank; his house where the money was found the next day, they caught him and his wife spending the money while I was in jail (because he lied & said I did it). He set me up & they are going for it – he's a thief, liar and rat! He is out of jail now. I don't know how you see this, but I do hope you are not a rat working with the police on a lie in case like this is B.S.! If they find you they can force you to court – cause their the Nazi pigs, they can not force you to say you ever saw me nor can they make you point me out in court.
>
> Just remember things are always as it appears, right. Please don't let them take my life – not by your helping cool? P.S. Watch your back out there. P.S.S. Probably lookin' for ya - over
>
> The Accused!
>
> They're trying to get you to point me out 1st in a line-up – you don't remember right. They are looking to find you & force you to court on Nov. 14th 2011 just to point me out in court & say you saw me in a red truck. You're not sure, right. Simply put, dude, you just can't remember or be sure! Ok? This is my life –

in your hands.  I've met a couple people in jail who say they know you & your kin, say it's not your style to work with police.

Good luck – if all works out as it should with right at my back – you may be able to talk me into some serious ink work.  I am an artist with my own equipment.  Keepin' it real, I keep it right w/friends old and new.

App. Vol. II pp. 13-14 (capitalization omitted); Petitioner's Ex. C.

[4] Heironimus's trial counsel advised him that he faced a three-year sentence for the attempted obstruction of justice charge and a four-and-one-half year enhancement for his habitual offender status.  Heironimus agreed to plead guilty to attempted obstruction of justice, and the State dismissed the habitual offender allegation.  Heironimus agreed to an advisory sentence of eighteen months, which the trial court imposed consecutive to his sentence for the robbery and habitual offender action.

[5] In March 2013, Heironimus filed a petition for post-conviction relief, which was later amended.  Heirominus alleged that he did not receive effective assistance of trial counsel and that his guilty plea was involuntary, unknowing, and unintelligent.  After a hearing, the post-conviction court entered findings of fact and conclusions thereon denying Heironimus's petition.  Heironimus now appeals.

# Analysis

Heironimus argues that the post-conviction court's denial of his petition is clearly erroneous. A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. *Pruitt v. State*, 903 N.E.2d 899, 905 (Ind. 2009) (citing Ind. Post-conviction Rule 1(6)). "The findings must be supported by facts and the conclusions must be supported by the law." *Id.* Our review on appeal is limited to these findings and conclusions. *Id.* Because the petitioner bears the burden of proof in the post-conviction court, an unsuccessful petitioner appeals from a negative judgment. *Id.* (citing P-C.R. 1(5)). "A petitioner appealing from a negative judgment must show that the evidence as a whole 'leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.'" *Id.* (quoting *Allen v. State*, 749 N.E.2d 1158, 1164 (Ind. 2001), *cert. denied*). Under this standard of review, "[we] will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." *Id.*

Heironimus argues that his trial counsel was ineffective and his guilty plea was involuntary because he was incorrectly advised regarding the habitual offender enhancement and an alleged defense to the charge. Because Heironimus was convicted pursuant to a guilty plea, we must analyze his claims under *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). In *Segura*, the Indiana Supreme Court held:

> Whether viewed as ineffective assistance of counsel or an involuntary plea, the post[-]conviction court must resolve the factual issue of the materiality of the bad advice in the decision to plead, and post[-]conviction relief may be granted if the plea can be shown to have been influenced by counsel's error. However, if the post[-]conviction court finds that the petitioner would have pleaded guilty even if competently advised as to the penal consequences, the error in advice is immaterial to the decision to plead and there is no prejudice.

*Segura*, 749 N.E.2d at 504-05. Thus, it is immaterial whether Heironimus's claim is characterized as an involuntary plea or ineffective assistance of counsel. *See Willoughby v. State*, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003) (citing *Segura* and holding that it was immaterial whether the petitioner's claim was characterized as an involuntary plea or ineffective assistance of counsel because, under either standard, the petitioner must demonstrate that the intimidation resulting from his trial counsel's failure to inform him of the single larceny rule was material to his decision to plead guilty), *trans. denied*.

## I. Habitual Offender Enhancement Claim

Heironimus argues that his guilty plea was involuntary and his trial counsel was ineffective because his trial counsel incorrectly advised him that his sentence could have been enhanced by his habitual offender status. *Segura* categorizes two main types of guilty plea ineffective assistance of counsel cases: (1) failure to advise the defendant on an issue that impairs or overlooks a defense, and (2) an incorrect advisement of penal consequences. *Smith v. State*, 770 N.E.2d 290, 295 (Ind. 2002). Heironimus's habitual offender claim falls under the second

category—an incorrect advisement of penal consequences.  In *Segura*, our supreme court held:

> [I]n order to state a claim for post[-]conviction relief a petitioner may not simply allege that a plea would not have been entered. Nor is the petitioner's conclusory testimony to that effect sufficient to prove prejudice.  To state a claim of prejudice from counsel's omission or misdescription of penal consequences that attaches to both a plea and a conviction at trial, the petitioner must allege . . . "special circumstances," or, as others have put it, "objective facts" supporting the conclusion that the decision to plead was driven by the erroneous advice.
>
> We believe a showing of prejudice from incorrect advice as to the penal consequences is to be judged by an objective standard, i.e., there must be a showing of facts that support a reasonable probability that the hypothetical reasonable defendant would have elected to go to trial if properly advised. . . .
>
> In sum, . . . to prove this in the case of claims related to a defense or failure to mitigate a penalty, it must be shown that there is a reasonable probability that a more favorable result would have obtained in a competently run trial.  However, for claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead.  Merely alleging that the petitioner would not have pleaded is insufficient.  Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

*Segura*, 749 N.E.2d at 507 (footnotes omitted).

In analyzing this claim, the post-conviction court found that: "'[U]nder Indiana law, a trial court cannot order consecutive habitual offender sentences.' *Breaston v. State*, 907 N.E.2d 992, 994-995 (Ind. 2009), and cases cited therein. 'This holds true whether the concurrent enhanced sentence is imposed in a single proceeding or in separate proceedings.' *Id.* at 995 . . . ." App. Vol. II p. 113. The court noted that Heironimus alleged "that he was misinformed by trial counsel regarding the penal consequences he was facing because he falsely believed he was facing a sentence of seven and one-half (7 1/2) years because of the habitual offender count when he was really only facing three (3) years." *Id.*

Thus, the post-conviction court found, and the State concedes, that any habitual offender enhancement in this case could not have been served consecutively to the habitual offender enhancement in the robbery case. *See Breaston*, 907 N.E.2d at 994. However, Heironimus must also establish an objective reasonable probability that competent representation would have caused him not to enter a plea. The post-conviction court rejected Heironimus's argument and concluded:

> 13. In this case Petitioner was actually facing a possible sentence on the Class D Attempted Obstruction of Justice charge of three (3) years because his sentence could not have legally been enhanced based on the habitual offender count. Petitioner's criminal history is extensive, and it is unlikely that he would have received an 18-month sentence if he had been convicted of Attempted Obstruction of Justice at trial. Therefore, Petitioner did receive a lesser sentence by entering into the plea agreement.

14.	This Court finds, after attempting to conduct an objective review of the facts, that Petitioner has failed to establish by a preponderance of the evidence that the accurate information regarding the habitual offender count would have made any difference in his decision to enter a plea.

* * * * *

43.	As indicated above, Petitioner was facing a maximum sentence of three years even without the habitual enhancement. Petitioner's extensive criminal history would likely have resulted in an aggravated sentence if he had been found guilty. Therefore, this Court finds that any advisement by trial counsel that Petitioner was facing the possibility of the habitual offender enhancement did not result in prejudice to the Petitioner.

App. Vol. II p. 114, 120.

[10]	Although his trial counsel advised him that he was facing a possible seven and one-half year sentence, it is clear that Heironimus actually could have only been sentenced to three years. The plea agreement, however, provided for an advisory sentence of eighteen months. Heironimus had an extensive criminal history. The post-conviction court noted that his criminal history included:

> [T]he 2012 Robbery conviction in Cause 82C01-1105-FB-654; a 2009 Possession of a Controlled Substance conviction as a misdemeanor; a 2007 federal Uttering Counterfeit Obligations or Securities Conviction as a felony; a 1985 Robbery conviction as a felony in which Petitioner served 42 years at the Indiana Department of Correction; a 1979 Armed Robbery; a 1979

> Burglary; a 1976 Delivery [of] a Controlled Substance conviction;
> and several other mostly alcohol-related offenses.

*Id.* at 105. Given Heironimus's extensive criminal history, the likelihood of him receiving a sentence more favorable than the advisory sentence is extremely slim. Moreover, Heironimus never testified at the post-conviction hearing that accurate advice regarding the habitual offender enhancement would have caused him not to enter a guilty plea. On appeal, Heironimus argues only that, given accurate advice, "it is reasonably probable to assume they would have negotiated a term of even less time." Appellant's Br. p. 11. To the contrary, there is no indication whatsoever that the State would have negotiated a sentence less than the advisory sentence, especially given Heironimus's criminal history. The post-conviction court's findings on this issue are not clearly erroneous.

## II. Sufficiency Defense

Next, Heironimus argues that his guilty plea was involuntary and his trial counsel was ineffective because his trial counsel failed to advise him of a defense to the charge. Heironimus contends that the attempted obstruction of justice charge would have been unsuccessful because the State lacked sufficient proof to convict him. This claim falls under the first *Segura* category—failure to advise the defendant on an issue that impairs or overlooks a defense. *Smith*, 770 N.E.2d at 295. In order to set aside a conviction because of an attorney's failure to raise a defense, a petitioner who has pled guilty must establish that a

defense was overlooked or impaired and that the defense would likely have changed the outcome of the proceeding. *Segura*, 749 N.E.2d at 499.

[12] On this issue, the post-conviction court found that Heironimus had admitted during the guilty plea hearing that he sent a letter to a witness to induce him, either by threat or coercion, not to testify in another proceeding against Heironimus. The post-conviction court also found that Heironimus waived his right to have the State prove the case beyond a reasonable doubt and of his right to a trial by court or jury. Consequently, the post-conviction court rejected Heironimus's argument that his guilty plea was involuntary on this basis. As for the ineffective assistance of counsel claim, the post-conviction court noted that Heironimus was required to show that the defense would likely have changed the outcome of the proceeding. The post-conviction court concluded that a fact finder could have found Heironimus's letter was sent to induce the witness by threat or coercion to withhold testimony. The post-conviction court determined that Heironimus failed to demonstrate that his counsel's performance was deficient or "that even if there were errors on the part of his trial counsel, that any such errors prejudiced the defense." App. Vol. II p. 147.

[13] In order for Heironimus to be convicted of attempted obstruction of justice, the State had to prove beyond a reasonable doubt that he attempted to: (1) knowingly or intentionally; (2) induce by threat, coercion, or false statement; (3) a witness in an official proceeding; (4) to withhold or unreasonably delay in producing any testimony, information, document or thing; and (5) by engaging in conduct which constituted a substantial step toward the commission of the

aforementioned crime. *McElfresh v. State*, 51 N.E.3d 103, 108 (Ind. 2016); Ind. Code § 35-44-3-4 (repealed by P.L. 126-2012, § 53 (eff. July 1, 2012); *see now* Ind. Code § 35-44.1-2-2); Ind. Code § 35-41-5-1. "Under the obstruction of justice statute, the term 'coercion' 'carries with it, at a minimum, the sense of some form of pressure or influence being exerted on the will or choice of another.'" *McElfresh*, 51 N.E.3d at 108 (quoting *Sheppard v. State*, 484 N.E.2d 984, 988 (Ind. Ct. App. 1985), *trans. denied*). "The form of pressure or influence 'may vary widely—and certainly includes harassment, physical force, intimidation, and threats—as long as it is exerted knowingly or intentionally to induce conduct by a witness or informant that is proscribed' by the obstruction of justice statute." *Id.* (quoting *Sheppard*, 484 N.E.2d at 988). In addition, the failure to comply must be accompanied by a consequence. *Id.* If there is no consequence, the "statement is not coercive, but is merely a request." *Id.*

[14] According to Heironimus, the evidence would have been insufficient because the letter that he wrote to Talley did not contain "any actual threats" or "overt threats." Appellant's Br. p. 9. Heironimus wrote the letter at issue to a stranger who was a witness to his fleeing the bank after the robbery. Heironimus said, "If they find you they can force you to court – cause their [sic] the Nazi pigs, they can not force you to say you ever saw me nor can they make you point me out in court." App. Vol. II p. 13. Heironimus then said, "Watch your back out there." *Id.* Finally, he said:

> They're trying to get you to point me out 1st in a line-up – you
> don't remember right. They are looking to find you & force you

> to court on Nov. 14ᵗʰ 2011 just to point me out in court & say
> you saw me in a red truck. You're not sure, right. Simply put,
> dude, you just can't remember or be sure! Ok?

*Id.* at 14. Heironimus then mentioned that he had met some people in jail that knew Talley and Talley's family. A reasonable fact finder could have interpreted the letter as an attempt to induce Talley by coercion not to testify. *See, e.g.*, *McElfresh*, 51 N.E.3d at 109 (holding that the evidence was sufficient to sustain the defendant's conviction for attempted obstruction of justice where the defendant sent a coercive letter to the mother of a child molesting victim). It is extremely unlikely that this defense would have changed the outcome of the proceeding. The post-conviction court's findings on this issue are not clearly erroneous.

## Conclusion

[15] The post-conviction court's denial of Heironimus's petition for post-conviction relief is not clearly erroneous. We affirm.

[16] Affirmed.

[17] Riley, J., and Bailey, J., concur.