Ronald F. WOODSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1282 S 460.

Supreme Court of Indiana.

Aug. 6, 1984.

Sheila Suess Kennedy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of robbery, a class A felony, Ind.Code § 35–42–5–1, and from a determination that appellant is an habitual offender, Ind.Code § 35–50–2–8. The case was tried before a jury. Appellant received a twenty year sentence for robbery and thirty years for being an habitual offender.

Appellant raises four issues on appeal: (1) whether the trial court erred in denying his motion to discharge for delay; (2) whether the trial court erred in denying his motion to suppress evidence of a pre-trial line-up, and in permitting an in-court identification resulting therefrom; (3) whether the evidence was sufficient; and (4) whether the trial court erred in giving him a fifty year sentence.

The facts tending to support the verdict show that on August 21, 1981, at 11:00 p.m., appellant entered an Arby's Restaurant in Indianapolis and ordered a strawberry milkshake. After paying for the milkshake, he drew a pistol, and demanded that the attendant put money in a bag. On his way out, a customer entered and asked what happened. Appellant answered that he had just robbed the place.

Two Arby's employees later identified appellant from photo arrays provided by the police and at line-ups. Also, the two employees identified appellant as the robber at trial without objection.

I.

Appellant was arrested on September 30, 1981. The case was set for trial for March 29, 1982, by agreement of the parties and within the six month period provided in Ind.R.Crim.P. 4(A). On March 26, 1982, the State filed a motion for continuance setting forth the unavailability of Gregg Rossier, one of the victims, due to his hospitalization for a back injury. The motion for continuance was granted. In response appellant filed a motion for discharge for delay. The State filed its response to appellant's motion for discharge for delay; the motion was denied, and the trial commenced on June 17, 1982.

Appellant claims that it was reversible error for the trial court to refuse to discharge him when the delay was wholly due to the State. Appellant's argument is inadequate because the State fully complied with the procedures set out here in Ind.R. Crim.P. 4(D):

"(D) If when application is made for discharge of a defendant under this rule, the court will be satisfied that there is evidence for the state, which cannot then

be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged."

The absence of a key witness through no fault of the State is good cause for extending the time period requirements for early trial under Rule 4. *Gross v. State*, (1972) 258 Ind. 46, 278 N.E.2d 583; *Fortson v. State*, (1978) 269 Ind. 161, 379 N.E.2d 147. In *Gross* as in this case the State's delay was due to the hospitalization of a witness. The delay in this case was due to the absence of a key witness through no fault of the State. It was therefore not error to deny appellant's motion for discharge for delay.

## II.

Appellant was identified by two witnesses. Each witness independently identified his photo from the array of police photos. Also, each witness independently picked appellant out of a line-up of six men. At trial the two witnesses identified appellant and testified that they had previously identified him in a photo array and in a line-up.

Evidence of pre-trial identifications of the accused during photograph or corporeal line-up procedures, and direct in-court identification testimony stemming from the employment of such pre-trial procedures by the police are inadmissible if the conduct of those procedures was so unnecessarily suggestive and conducive to irreparable mistaken identification as to deprive the defendant of due process. *Frasier v. State*, (1974) 262 Ind. 59, 312 N.E.2d 77; *Stovall v. Denno*, (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

Appellant claims that the corporeal line-up was unnecessarily suggestive because (1) the five men who stood alongside him in the line-up did not closely resemble him, (2) considerable time elapsed between the robbery and the conduct of the two procedures, and (3) the fact that the witnesses were seated directly in front of him as he stood in the line-up. The photograph in the record before us of the line-up reveals an astonishing resemblance. They are dressed alike, of comparable heights, similarly complected and each has facial hair. The photographic identification techniques were employed within two weeks of the robbery, and corporeal line-up within two months. We sense no enhancement of the unnecessarily suggestive quality of the line-up by reason of this element of time. We would agree that the placement of the witness so as to more squarely confront one than the other in the line-up suggests that that one is the suspect. However, that suggestion is slight. Under the circumstances presented the line-up was properly conducted, and it was not error to admit evidence of it or stemming from it.

## III.

In determining the sufficiency of the evidence on appeal the Court will not weigh the evidence. The conviction will be affirmed if viewing only the evidence most favorable to the State together with any reasonable and logical inferences therefrom there is substantial evidence of probative value as to every element of the crime charged. *Henderson v. State*, (1980) 273 Ind. 334, 403 N.E.2d 1088.

In the present case appellant was identified at the trial by two employees as the man who robbed the restaurant. There was sufficient evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt.

## IV.

Appellant received a ten year sentence for robbery which was increased by an additional ten years due to aggravating circumstances. In addition appellant's twenty year sentence for robbery was enhanced by thirty years because he was determined to be an habitual offender. He claims that it is improper to sentence him

as an habitual offender and to find aggravating circumstances.

 A court on appeal will not hold a sentence to be contrary to law unless the record shows that the sentence is manifestly unreasonable. Ind.R.App. R.S. 2; *Williams v. State*, (1979) 271 Ind. 408, 393 N.E.2d 149. It is proper both to enhance the sentence for aggravating circumstances and sentence as an habitual criminal. *See Ross v. State*, (1980) Ind., 413 N.E.2d 252.

Appellant has not shown that the sentence was manifestly unreasonable. Therefore, the trial court did not err in sentencing the appellant to a total of fifty years.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.