Daniel W. STARKS, Appellant,

v.

STATE of Indiana, Appellee.

No. 87S00–8601–CR–20.

Supreme Court of Indiana.

May 24, 1988.

John Wissner, Scales, Wissner and Krantz, Boonville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING

DeBRULER, Justice.

In this case the sentencing court imposed separate sentences on eighteen theft convictions. Each was enhanced one year beyond the presumptive two years. There were also two counts filed alleging habitual status and two determinations thereon that appellant was an habitual offender. The two determinations were upon separate theft charges filed in separate causes, but consolidated for trial. One thirty year habitual enhancement was specified as attaching to one particular conviction. It was not designated which of the remaining concurrently running sentences carried the second thirty year habitual enhancement. The two habitual offender sentences were then ordered to run consecutively for a total term of sixty-six years.

A question properly presented for our decision and addressed by us in the court's opinion in this case is whether the sentencing court exceeded its legislative authorization when it imposed consecutive felony sentences, both of which were enhanced by thirty years, because of habitual offender status, at a single criminal trial. The question before us is essentially one of statutory construction. Two separate statutes have been applied by the trial judge, I.C. 35–50–1–2, which authorizes the imposition of concurrent or consecutive sentences, and I.C. 35–50–2–8, which authorizes thirty year enhancements because of habitual offender status.

I.C. 35–50–1–2 provides in pertinent part:

".. the court shall determine whether terms of imprisonment shall be served concurrently or consecutively."

I.C. 35-50-2-8 provides in pertinent part: "(a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions. * * * * (e) The court shall sentence a person found to be an habitual criminal to an additional fixed term of thirty (30) years imprisonment to be added to the term of imprisonment imposed under section 3, 4, 5, 6, or 7 of this chapter."

 This court has held that it is proper for a court to enhance a sentence for aggravating circumstances and then add additional time to that sentence because of habitual offender status. *Woodson v. State* (1984), Ind, 466 N.E.2d 432. Additionally we have sanctioned the process of enhancing two sentences for aggravating circumstances and then requiring the two sentences to be served consecutively. *Smith v. State* (1985), Ind., 474 N.E.2d 71. A trial court may also enhance a sentence on one count and order that a second count, enhanced by thirty years, be served consecutive to the first. *Jackson v. State* (1985), Ind., 483 N.E.2d 1374. Further, we have held that it is proper to sentence twice as a habitual offender for totally separate crimes and to run the sentences concurrently. *Kelly v. State* (1983), Ind., 452 N.E.2d 907. The rationale of the *Kelly* case is that the defendant could have been sentenced as an habitual offender in both causes and therefore could be so sentenced when the two causes were joined for trial. It is important that the sentences there were actually ordered to be served concurrently and not consecutively as is the case before us. Kelly did not face consecutive habitual offender sentences.

 A case coming close to this one is *Calloway v. State* (1986), Ind., 500 N.E.2d 1196. Calloway was faced with two separately filed causes in which habitual offender counts had been filed. He entered into a plea agreement on one in return for dismissal of the other, and received a single sentence enhanced by habitual offender status. He then filed a post-conviction petition claiming ignorance at the time of pleading guilty of a rule which would have forbidden running habitual offender sentences in each of the two separate causes consecutively. This court rejected this claim as had the trial court, and relying upon *Kelly*, concluded that there was no rule forbidding consecutive enhanced habitual offender sentences. *Kelly* does not in fact stretch so far. The binding force of *Calloway* is further diminished by the fact that Calloway did not actually receive consecutive habitual offender sentences as has Starks in the case now before us. We have as yet not faced the question of consecutive habitual offender sentences in these acute circumstances.

It is the legislative intent expressed in the statutes which must govern here. Section (a) of I.C. 35-50-2-8, quoted above, provides that a person may be sentenced as an habitual offender *for any felony*. This means that the habitual offender statute can be applicable upon conviction of any crime which is a felony, i.e., no felonies are exempt from its application. This section does not answer the question presented, which is whether the legislature has sanctioned the pyramiding of habitual offender sentences.

Subsection (e) of I.C. 35-50-2-8, also quoted above, is written in the singular. It permits a person found to be an habitual criminal to receive an additional fixed term of thirty years imprisonment. The writing refers to a single finding, fixed term, and underlying term, yet it does not clearly exclude the possibility of multiple applications. This section does not resolve the question presented.

I.C. 35-50-1-2, quoted above as well, grants sentencing courts the power to order consecutive sentences in their discretion. The provision appears unlimited in scope, applying to the class of all sentences. Yet the power to order consecutive sentences is subject to the rule of rationality and the limitations in the constitution.

The sentence enhanced under the habitual offender statute is a special statutory one. It can have the dramatic effect of increasing a single sentence from two years to half a lifetime. A basis for such a gross impact is the existence of the two prior unrelated felony convictions and sentences, and the dangerous nature of the offender which they bespeak. A basis for the gross impact which consecutive sentences may have is, by contrast, the moral principle that each separate and distinct criminal act deserves a separately experienced punishment. Furthermore the habitual offender status determination carries a more binding effect upon the sentence that does the determination of multiple criminal acts. Therefore, the purpose and process of the felony habitual offender statute has special and distinct dimensions.

In sum, it is apparent, from a study of the present statutes, that such statutes are silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively, when engaged in the process of meting out several sentences. In the absence of express statutory authorization for such a tacking of habitual offender sentences, there is none.

Rehearing is granted to the extent of requiring that the two sentences enhanced by thirty years, based upon the status of habitual offender, be ordered to run concurrently and for the trial judge to determine which conviction carries the second habitual enhancement. It is so ordered.

SHEPARD, C.J., and DICKSON, J., concur.

GIVAN, J., dissents with separate opinion in which PIVARNIK, J., concurs.

ON PETITION FOR REHEARING

GIVAN, Justice, dissenting.

I respectfully dissent from the majority in this case in granting the petition for rehearing. The petition for rehearing cites the same cases as cited in the original opinion and acknowledges that they do in fact hold as they were described in the original opinion. However, the opinion on rehearing chooses to readjust the law in this matter and from my point of view in fact invades the province of the legislature and adds a restriction to the statute by judicial fiat. If such a change is to be made, it should be made by the legislature not by this Court.

The original opinion affirming the trial court should stand.

PIVARNIK, J., concurs.