**KEITH McCOTRY, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 48A05-9906-CR-294.**

Court of Appeals of Indiana.

Jan. 31, 2000.

Transfer Denied April 5, 2000.

Jane G. Cotton, Smith, Ragains & Cotton, Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

DARDEN, Judge

*STATEMENT OF THE CASE*

Keith McCotry was convicted by jury of possession of cocaine as a class D felony and possession of marijuana as a class A misdemeanor. He subsequently pleaded guilty to being both an habitual offender pursuant to Ind.Code § 35–50–2–8 and an habitual substance offender pursuant to Ind.Code § 35–50–2–10. The trial court enhanced McCotry's possession of cocaine sentence pursuant to the habitual offender statute and his possession of marijuana sentence pursuant to the habitual substance offender statute. In addition, the trial court ordered the two enhanced sentences to run consecutively. McCotry appeals his convictions and sentence.

We affirm in part, reverse in part and remand with instructions for the trial court to order McCotry's enhanced sentences to run concurrently.

*ISSUES*

I. Whether the trial court erred in admitting evidence.

II. Whether the trial court erred in sentencing McCotry.

*FACTS*

On November 25, 1998, Anderson Police Department Officer Steve Brooks arrested Keith McCotry on an outstanding warrant. During a search incident to the arrest, Officer Brooks found what he believed to be both cocaine and marijuana in McCotry's pockets.

Officer Brooks took the two substances to the Anderson Police Department, placed them in a heat-sealed envelope, and filled out a property tag and a request for laboratory testing. The officer then placed the envelope in a temporary locker which he secured with a padlock.

The following day, November 26, 1998, property room officer Robert Biggs removed the envelope from the temporary locker. Officer Biggs typically removes evidence from the temporary lockers on a daily basis and places it in the permanent property room which he maintains.

On December 10, 1998, the envelope was taken from the permanent property room and hand-carried to the Anderson Police Department chemist. The chemist analyzed the contents of the envelope which he determined to be 3.5 grams of marijuana and .14 grams of cocaine. On February 8, 1999, the chemist returned the evidence to Officer Biggs. It remained in the property room until trial.

The trial court admitted the cocaine and the marijuana into evidence at trial over McCotry's objection, and a jury convicted him of possession of cocaine and possession of marijuana. Thereafter, McCotry pleaded guilty to being both an habitual offender pursuant to I.C. § 35–50–2–8 and an habitual substance offender pursuant to I.C. § 35–50–2–10. The trial court en-

hanced McCotry's possession of cocaine sentence pursuant to the habitual offender statute and his possession of marijuana sentence pursuant to the habitual substance offender statute. In addition, the court ordered the two enhanced sentences to run consecutively.

## *DECISION*

### I. *Evidence*

McCotry argues that the trial court erred in admitting the marijuana and the cocaine into evidence. Specifically, he contends that the State failed to establish a proper chain of custody. We disagree.

The admission of evidence is a determination entrusted to the discretion of the trial court. *Adkins v. State,* 703 N.E.2d 182, 186 (Ind.Ct.App.1998). We will reverse a trial court's decision only when the court's action is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

The State is required to show a chain of custody for the purpose of showing the unlikelihood of tampering, loss, substitution or mistake. *Price v. State,* 619 N.E.2d 582, 583 (Ind.1993), *reh'g denied.* However, to show a chain of custody, the State need only provide a "reasonable assurance" that the evidence was undisturbed as it passed from the custody of one person to the next. *Kennedy v. State,* 578 N.E.2d 633, 639 (Ind.1991), *cert. denied,* 503 U.S. 921, 112 S.Ct. 1299, 117 L.Ed.2d 521 (1992). If the State presents evidence which "strongly suggests" the exact whereabouts of the evidence at all times, that is sufficient. *Id.*

The defendant can challenge the adequacy of the chain of custody; however, he must present evidence which does more than raise a mere possibility that the evidence could have been tampered with. *Id.* Any gaps in the chain of custody go to the weight of the evidence, and not to its admissibility. *Id.* Further, when the evidence is handled by public officers, there is a presumption that they use due care and that the evidence is handled with regularity. *Id.*

Here, our review of the record reveals that shortly after McCotry's arrest, Officer Brooks took the cocaine and the marijuana to the Anderson Police Department and placed it in a heat-sealed envelope. He filled out a property tag and a request for laboratory analysis and placed the envelope in a temporary locker secured with a padlock. The following day, Officer Biggs removed the envelope from the temporary locker. He typically removes evidence from temporary lockers on a daily basis and places it in the permanent property storage room.

Two weeks later, the envelope was taken from the permanent property room and hand-carried to the chemist who tested the contents. The chemist subsequently returned the envelope and its contents to Officer Biggs. The envelope remained in the property room until trial.

Based upon the foregoing, the State presented evidence which strongly suggested the exact whereabouts of the evidence at all times. Further, McCotry has not presented any evidence which does more than raise a mere possibility that the evidence could have been tampered with. We therefore find no error.

### II. *Sentence*

The trial court sentenced McCotry to three years for possession of cocaine. The court enhanced the three-year sentence by four and one-half years based upon McCotry's adjudication as an habitual offender. In addition, the court sentenced McCotry to one year for possession of marijuana. The court enhanced the one-year sentence by eight years based upon McCotry's adjudication as an habitu-

al substance offender.[1] The trial court further ordered the enhanced sentences to run consecutively, for a total sentence of 16 and ½ years.

McCotry argues that the trial court erred in sentencing him. Specifically, he contends that the trial court erred in ordering his two enhanced sentences to run consecutively. We agree.

Though cited by neither party, *Starks v. State*, 523 N.E.2d 735 (Ind.1988), is dispositive. In the *Starks* case, the trial court sentenced Starks to three-year concurrent sentences on eighteen theft convictions. There were also two counts filed alleging habitual offender status and two determinations thereon that Starks was an habitual offender. The trial court enhanced two of the three-year sentences by thirty years and then ordered the two habitual offender sentences to run consecutively for a total sentence of 66 years.

Starks appealed, and our supreme court stated the issue as "whether the sentencing court exceeded its legislative authorization when it imposed consecutive sentence felony sentences, both of which were enhanced by thirty years, because of habitual offender status, at a single criminal trial." *Id.* at 735. In reaching its decision, our supreme court explained as follows:

> [S]entencing courts [are statutorily granted] the power to order consecutive sentences in their discretion. The provision appears unlimited in scope, applying to the class of all sentences. Yet the power to order consecutive sentences is subject to the rule of rationality and the limitations in the constitution. The sentence enhanced under the habitual offender statute is a special statutory one. It can have the dramatic effect of increasing a single sentence from two years to half a lifetime. A basis for such a gross impact is the existence of the two prior unrelated felony convictions and sentences, and the dangerous nature of the offender which they bespeak. A basis for the gross impact which consecutive sentences may have is, by contrast, the moral principle that each separate and distinct criminal act deserves a separately experienced punishment. Furthermore the habitual offender status determination carries a more binding effect upon the sentence tha[n] does the determination of multiple criminal acts. Therefore, the purpose and process of the felony habitual offender statute has special and distinct dimensions.

*Id.* at 736–37.

The court concluded as follows:

> [The relevant] statutes are silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively, when engaged in the process of meting out several sentences. In the absence of express statutory authorization for such a tacking of habitual offender sentences, there is none.

*Id.* at 737.

The relevant statutes are still silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively. Therefore, here, as in *Starks*, the trial court exceeded its legislative authorization when it imposed consecutive habitual offender sentence enhancements at a single criminal trial. We therefore remand this case to the trial court with instructions to order the enhanced sentences to run concurrently.[2]

1. The convictions underlying McCotry's habitual substance offender adjudication were separate and distinct from those underlying his habitual offender adjudication.

2. McCotry also argues that his "sixteen and one-half year sentence violates the eighth amendment to the United States Constitution and Article I, Section 16 of the Indiana Constitution" because it is "disproportionate to

Affirmed in part, reversed in part and remanded with instructions.

GARRARD, J., and FRIEDLANDER, J., concur.

the nature of his offenses." McCotry's Brief, p. 11. Because we have remanded this case to the trial court with instructions to order the sentences to run concurrently, McCotry's sentence has been reduced to nine years. We therefore need not address this issue.