Charles Willis INGRAM, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A04–0105–CR–192.

Court of Appeals of Indiana.

Jan. 18, 2002.

Angela Warner Sims, Hulse, Lacey, Hardacre, Austin & Shine, P.C., Anderson, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Charles W. Ingram pled guilty to numerous crimes and received a total of seventy-eight years executed. He appeals, arguing that the trial court erroneously enhanced his sentence without providing an adequate sentencing statement. The trial court's sentencing statement was adequate. However, we reverse and remand because the trial court erroneously ordered Ingram's two habitual offender counts to be served consecutively.

## FACTS AND PROCEDURAL HISTORY

Ingram pled guilty to Count I, escape, a Class C felony; Count II, battery, a Class C felony; Count III, pointing a firearm, a Class D felony; Count IV, battery, a Class C felony; Count V, attempted battery, a Class C felony; and Count VI, possession of a handgun without a license, a Class C felony. He also admitted to being an habitual offender. In a different cause, he pled guilty to being a prisoner possessing a dangerous device or material, a Class B felony. He also admitted, in that cause, to being an habitual offender.

The trial court found Ingram's criminal history to be an aggravating circumstance and his plea of guilty to be a mitigating circumstance. Finding the aggravating circumstance greatly outweighed the mitigating circumstance, the trial court sentenced Ingram to eight years on Counts I, II, IV, V and VI. Count III was dismissed. Ingram was sentenced to twenty years on Count VII, the habitual offender count. The trial court then ordered Counts I and VII to run consecutively and all the other counts to run concurrently, for a total of twenty-eight years executed.

Under the other cause number, the trial court sentenced Ingram to twenty years for being a prisoner possessing a dangerous device or material, and enhanced that by thirty years for being an habitual offender, for a total of fifty years executed. The trial court then ordered the sentences in each case to be served consecutively, for a total executed incarceration of seventy-eight years.

## DISCUSSION AND DECISION

 Sentencing lies within the discretion of the trial court. *Thacker v. State*, 709 N.E.2d 3, 9 (Ind.1999). If a trial court uses aggravating or mitigating circumstances to enhance the presumptive sentence, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances. *Id.* The trial court is not required to find the presence of mitigating circumstances. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind.1993). When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the proffered factors to be mitigating. *Taylor v. State*, 681 N.E.2d 1105, 1112 (Ind.1997). The trial court's assessment of the proper weight of mitigating and aggravating circumstances and the appropriateness of the sentence as a whole are entitled to great deference and will be set aside only upon a showing of a manifest abuse of discretion. *Thacker*, 709 N.E.2d at 10.

 Ingram is correct in that the trial court's sentencing order does not set forth the details of Ingram's criminal history. In that regard, the sentencing order could have been much clearer. However, a presentence report referencing Ingram's criminal past was apparently available to

the trial court,[1] and counsel's argument to the court indicated that Ingram had admitted at least seventeen armed robberies in Anderson. Because a pre-sentence report indicating Ingram's criminal history was available to the court, the court's sentencing statement, although cursory, is sufficient. *Lemos v. State,* 746 N.E.2d 972, 975 (Ind.2001)

█ However, the trial court improperly ordered the sentences for the two habitual offender counts to run consecutively. In *Starks v. State,* 523 N.E.2d 735 (Ind. 1988), our supreme court addressed whether consecutive habitual offender sentences are proper. Initially, the court noted that Ind.Code § 35–50–2–8, the habitual offender statute, provides that a person may be sentenced as an habitual offender for "any" felony. The court also noted that Subsection (e) of that section does not explicitly exclude the possibility of multiple applications of the habitual offender section. Still, it found the imposition of consecutive habitual offender sentences improper:

> I.C. 35–50–1–2, quoted above as well, grants sentencing courts the power to order consecutive sentences in their discretion. The provision appears unlimited in scope, applying to the class of all sentences. Yet the power to order consecutive sentences is subject to the rule of rationality and the limitations in the constitution. The sentence enhanced under the habitual offender statute is a special statutory one. It can have the dramatic effect of increasing a single sentence from two years to half a lifetime. A basis for such a gross impact is

the existence of the two prior unrelated felony convictions and sentences, and the dangerous nature of the offender which they bespeak. A basis for the gross impact which consecutive sentences may have is, by contrast, the moral principle that each separate and distinct criminal act deserves a separately experienced punishment. Furthermore the habitual offender status determination carries a more binding effect upon the sentence that [sic] does the determination of multiple criminal acts. Therefore, the purpose and process of the felony habitual offender statute has special and distinct dimensions.

> In sum, it is apparent, from a study of the present statutes, that such statutes are silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively, when engaged in the process of meting out several sentences. In the absence of express statutory authorization for such a tacking of habitual offender sentences, there is none.

523 N.E.2d at 736–37.

Most recently, in *McCotry v. State,* 722 N.E.2d 1265, 1268 (Ind.Ct.App.2000), *trans. denied* 735 N.E.2d 229 (Ind.2000), we addressed the same issue and found that "[t]he relevant statutes are still silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively. Therefore, here, as in *Starks,* the trial court exceeded its legislative authorization when it imposed consecutive habitual offender sen-

---

1. A copy of the pre-sentence report was not submitted on appeal. Nor were we provided a copy of the plea agreement. Counsel is admonished to provide all *relevant* documents on appeal; clearly, the pre-sentence report and the plea agreement were relevant documents in the case before us. *See Campbell v.* *Criterion Group,* 613 N.E.2d 423, 430 (Ind.Ct. App.1993) (relevant evidence that may easily be incorporated into the record must be included in the record of proceedings if error is to be predicated upon that evidence in any way).

tence enhancements at a single criminal trial."

Ingram's consecutive habitual offender sentences did not arise from a single criminal trial, but they did arise from a single sentencing proceeding. As a result, the trial court erred when it ordered the habitual offender sentences to run consecutively. We remand to the trial court with instructions to order that the habitual offender enhancements in the two causes be served concurrently and to resentence Ingram in accordance with this opinion.

Reversed and remanded.

BAKER, J., and NAJAM, J., concur.