# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**DANIEL J. MOORE**
Laszynski & Moore
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana



FILED
May 07 2014, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN JACOB VENTERS,          )
                            )
    Appellant-Defendant,     )
                            )
        vs.                  )      No.  79A02-1305-CR-481
                            )
STATE OF INDIANA,            )
                            )
    Appellee-Plaintiff.      )

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Michael A. Morrissey, Judge
Cause No. 79D06-1201-FD-11

**May 7, 2014**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

John Jacob Venters ("Venters") appeals his sentence for operating a vehicle while intoxicated ("OVWI")[1], a Class D felony, enhanced by the habitual substance offender statute.[2]

We reverse and remand with instructions for the trial court to order Venters's enhanced sentence to run concurrently to his previously enhanced sentences.

## ISSUE

Whether the trial court erred when it ordered Venters's sentence at issue in this case to be served consecutively to his previously entered sentences that were enhanced by habitual offender statutes.

## FACTS

On January 11, 2008, Venters received a three year suspended sentence under cause number 79D01-0706-FB-024 ("FB-024") for obtaining a controlled substance by fraud or deceit, a class D felony. On February 19, 2009, Venters received an eleven year enhanced sentence under cause number 79D01-0809-FC-064 ("FC-064") for (1) obtaining a legend drug by forgery or alteration, a class D felony; (2) OVWI, a class D felony; and (3) being an habitual substance offender. On January 4, 2013, Venters received an enhanced nineteen year sentence under cause number 79D01-1206-FB-011 ("FB-011") for reckless homicide, a class C felony, and for being an habitual offender.

The instant case arises from a different set of charges filed under cause number 70D01-1201-FD-011 ("FD-011"). On October 2, 2011 in Tippecanoe County, Venters

---

[1] Ind. Code § 9-30-5-3.

[2] Ind. Code § 35-50-2-10.

2

was the driver of a vehicle that was involved in an accident. Deputy Thomas Lehman ("Deputy Lehman") with the Tippecanoe County Sheriff's Department arrived at the scene of the crash and observed that Venters had slurred speech with bloodshot and watery eyes. Venters failed a field sobriety test, and Deputy Lehman advised him of the Indiana Implied Consent Law. Venters submitted to a blood draw and tested positive for hydrocodone and klonopin. On or about January 11, 2012, the State charged Venters with three misdemeanor counts of OVWI. In addition, the State enhanced each of the misdemeanor counts to felonies by alleging that Venters had been convicted of OVWI within the last five years. To support the felony charges, the State enhanced the misdemeanors to felonies using Venters's conviction under cause number FC-064 in each felony count. Finally, the State alleged that he was an habitual substance offender. To support its allegation that Venters had at least two prior unrelated substance offense convictions, the State alleged that Venters had been convicted of the substance offenses in cause numbers FB-024, FC-064, and FB-011.

Venters pled guilty without an agreement on December 21, 2012. The trial court entered judgment of conviction on one felony OVWI charge and Venters admitted that he was an habitual substance offender. The trial court held a sentencing hearing on April 3, 2013. After considering the aggravating and mitigating circumstances, the trial court sentenced Venters to three (3) years on the OVWI charge, enhanced by seven (7) years because of the habitual substance offender statute. The trial court suspended two (2) years of the executed sentence to probation. The trial court ordered that the sentence at issue in

3

this case be served consecutively to the sentences imposed under cause numbers FB-024, FC-064, and FB-011.

On April 17, 2003, Venters filed a motion to correct error with the trial court. The trial court held a hearing on April 29, 2013. After hearing arguments, the trial court entered an order denying Venters's motion on May 20, 2013. Venters now appeals.

DECISION

Notwithstanding the authority afforded to appellate courts by Indiana Appellate Rule 7(B), "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2012). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)). A trial court may abuse its discretion in sentencing a defendant by imposing a sentence for reasons that are improper as a matter of law. *Anglemyer*, 868 N.E.2d at 490. "Where the issue presented is a pure question of law, we review the matter de novo." *State v. Moss-Dwyer*, 686 N.E.2d 109, 110 (Ind. 1997).

Venters argues that the trial court had no statutory authority to order the present sentence, enhanced by the habitual substance offender statute, to be served consecutively to the previously enhanced sentences. We agree.

In *Starks v. State*, 523 N.E.2d 735 (Ind. 1988), our Indiana Supreme Court addressed the propriety of consecutive habitual offender sentences. There, the trial court sentenced

4

Starks to three-year concurrent sentences on eighteen theft convictions. The trial court enhanced two of the three-year sentences by thirty years and ordered that the enhanced sentences run consecutively to each other. In reversing the trial court, the Supreme Court explained as follows:

> [S]entencing courts [are statutorily granted] the power to order consecutive sentences in their discretion. The [habitual offender] provision appears unlimited in scope, applying to the class of all sentences. Yet the power to order consecutive sentences enhanced under the habitual offender statue is a special statutory one. It can have the dramatic effect of increasing a single sentence from two years to half a lifetime. A basis for such a gross impact is the existence of the two prior unrelated felony convictions and sentences, and the dangerous nature of the offender which they bespeak. A basis for the gross impact which consecutive sentences may have is, by contrast, the moral principle that each separate and distinct criminal act deserves a separately experienced punishment. Furthermore the habitual offender status determination carries a more binding effect upon the sentence tha[n] does the determination of multiple criminal acts. Therefore, the purpose of and process of the felony habitual offender statute has special and distinct dimensions.

*Id*. at 736-37. The Court concluded as follows:

> [The relevant] statutes are silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively, when engaged in the process of meting out several sentences. *In the absence of express statutory authorization for such a tacking of habitual offender sentences, there is none*.

*Id*. at 737 (emphasis added).

More appropriate to this case, this court has since held that consecutive habitual offender enhancements are improper even when the sentences arise out of separate and unrelated trials or sentencing hearings. *Ingram v. State*, 761 N.E.2d 883, 885-86 (Ind. Ct. App. 2002); *Smith v. State*, 774 N.E.2d 1021 (Ind. Ct. App. 2002). In 2009, our Supreme Court agreed, stating again that "a trial court cannot order consecutive habitual offender

5

sentences." *Breaston v. State*, 907 N.E.2d 992, 994 (Ind. 2009). "This holds true whether the concurrent enhanced sentence is imposed in a single proceeding or in separate proceedings." *Id.* at 995. This rule even applies to those circumstances where a defendant, "after being arrested for one (1) crime," commits another crime. *Id.*; *See also* Ind. Code § 35-50-1-2(d).

Despite this holding, the State essentially argues that defendants "whose conduct has triggered enhancements under different habitual offender regimes [should] be eligible for consecutive sentencing under [Ind. Code §] 35-50-1-2. (Appellee's Br. 11). The State also argues that because the Legislature has amended the habitual offender statute to exclude certain substance and driving offenses and has created separate habitual offender statutes for both, the legislature has, in effect, stated its intent that sentences enhanced by different habitual offender statutes can be served consecutively.

However, this Court has recently held that sentences enhanced by either the general habitual offender statute or the habitual substance offender statute cannot run consecutively. *Aslinger v. State*, 2 N.E.3d 84 (Ind. Ct. App. 2014). In *Aslinger*, the trial court held a joint sentencing hearing for two separate cases. In both cases, the trial court enhanced each sentence using the habitual substance offender statute. In addition, the trial court ordered that each sentence be served consecutively to one another because the defendant had committed an offense while released on bond. In reaching our decision, this court noted that the purpose of the general habitual offender statute "is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies." *Id*. (quoting *Baker v. State*, 425 N.E.2d 98, 100 (Ind. 1981)).

6

We find this principle equally applicable to the [habitual substance offender] statute. The State requests that this court accord different treatment because the [habitual substance offender] statute provides a more modest level of enhancement than does the general habitual offender statute. Though it is tailored for a specific situation, the [habitual substance offender] statute serves the same purpose of enhancing the punishment for an individual whose punishments in two prior substance offenses were not sufficient to deter his or her commission of the third offense. Furthermore, like the general habitual offender statute, the [habitual substance offender] statute is silent as to consecutive enhancements, and we decline to diverge from the supreme court's conclusion that, in the absence of explicit permission, the trial court has no such authority.[3]

*Aslinger*, 2 N.E.2d at 84 (internal citation omitted). Thus, we are not persuaded by the State's argument.

While our Supreme Court in *Starks* established that the habitual offender statute had "special and distinct dimensions" from that of I. C. § 35-50-1-2, the prevailing point in *Starks* and the line of cases that follow is that absent express statutory authority to do so, trial courts cannot impose consecutive enhanced sentences, regardless of the circumstances under which they arise.

The habitual offender and habitual substance offender statutes have been amended several times since *Starks*. With those amendments, the statutes are still silent on a trial court's authority to impose consecutive habitual offender sentences. Accordingly, we reverse and remand to the trial court with instructions to run Venters's enhanced sentence

---

[3] Under the general habitual offender statute in effect at the time of Venters's conviction, a person determined to be an habitual offender could be sentenced to an additional fixed term of not less than the advisory sentence and three times the advisory sentence for the underlying offense, but in no case more than thirty years. Ind. Code § 35-50-2-8(h). Under the habitual substance offender statute in effect at the time of Venters's conviction, a person determined to be an habitual substance offender could receive an additional fixed term of between three and eight years imprisonment. Ind. Code § 35-50-2-10(f).

at issue in this case concurrently with any previous sentence enhanced by the habitual offender or habitual substance offender statutes.

Reversed and remanded.

MATHIAS, J., and BRADFORD, J., concur.