

FILED

Jul 26 2016, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry W. Young,<br>*Appellant/Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee/Plaintiff/Cross-Appellant.* | July 26, 2016<br><br>Court of Appeals Case No.<br>20A04-1512-CR-2142<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Evan S. Roberts, Judge<br><br>Trial Court Cause No.<br>20D01-1504-FA-18 |

**Bradford, Judge.**

## Case Summary

In 2012, Appellant-Defendant Jerry Young raped A.B. In 2015, Young was convicted of Class A felony rape, Class A felony criminal deviate conduct, and Class D felony intimidation. Young was also found to be a repeat sexual

offender and a habitual criminal offender. The trial court merged the convictions for rape and criminal deviate conduct and sentenced Young to an aggregate ninety-year term. On appeal, Young argues that the trial court erred by enhancing his rape conviction twice. The State concedes the trial court erred in this regard but argues that the trial court should have reduced the criminal deviate conduct charge to a lesser-included offense and applied one of the enhancements to that conviction. We reverse and remand with instructions.

# Facts and Procedural History

[2] On October 16, 2012 at around 1:00 a.m., A.B. arrived home and went to sleep on her couch. At around 3:00 a.m., A.B. was awaken by someone knocking on her door. Assuming it was one of her friends, A.B. opened the door. Instead, it was Young, who pushed his way into her apartment. A.B. did not know Young but had seen him before walking near her apartment. Young, who was intoxicated, sat down on A.B.'s couch, and A.B. tried to convince him to leave to no avail. Young told A.B. he wanted to "play a sexual game." Tr. p. 144. Despite A.B.'s refusal, Young said "We're going to do this," and forced A.B. to have sexual intercourse with him and to fellate him.

[3] On April 29, 2015, the State charged Young with Class A felony rape, Class A felony criminal deviate conduct, and Class D felony intimidation. The State also alleged that Young was a repeat sexual offender and a habitual criminal offender. After a jury trial, Young was found guilty as charged and admitted to being a repeat sexual offender and a habitual offender. At sentencing, the trial

court merged the convictions for rape and criminal deviate conduct and sentenced Young to fifty years for rape and three years for intimidation to be served concurrently. The trial court also enhanced Young's sentence by thirty years due to his status as a habitual offender and an additional ten years based on his repeat sexual offender status, for an aggregate ninety-year sentence.

## Discussion and Decision

[4] Young argues that the trial court erred by applying two sentence enhancements to his rape conviction. The State concedes that the trial court erred in this regard. "[A] conviction under a specialized habitual offender statute cannot be further enhanced under the general habitual offender statute in the absence of explicit legislative direction." *Dye v. State*, 972 N.E.2d 853, 857 (Ind. 2012), *aff'd on reh'g*, 984 N.E.2d 625 (Ind. 2013). The Court in *Dye* also noted that the repeat sexual offender statute is a "specialized habitual offender statute." *Id*. at 864.

[5] The State, however, argues that the trial court erred by merging Young's convictions for rape and criminal deviate conduct. Young did not file a response to the State's argument on this issue. "The failure to respond to an issue raised by the appellant is akin to the failure to file a brief. Under such circumstances, we may reverse upon a showing of prima facie error on the issue which was not addressed." *Nat'l Oil & Gas, Inc. v. Gingrich*, 716 N.E.2d 491, 496 (Ind. Ct. App. 1999) (citations omitted). "'Although this failure does not relieve us of our obligation to correctly apply the law to the facts in the record

in order to determine whether reversal is required, counsel for the appellee remains responsible for controverting arguments raised by the appellant.'" *Elliott v. Rush Mem'l Hosp.*, 928 N.E.2d 634, 639 (Ind. Ct. App. 2010) (quoting *Nance v. Miami Sand & Gravel, LLC*, 825 N.E.2d 826, 837 (Ind. Ct. App. 2005), *trans. denied*).

[6] The trial court ordered that Young's convictions be merged based on *Ramon v. State*, 888 N.E.2d 244 (Ind. Ct. App. 2008). "'Under the rules of statutory construction and common law that constitute one aspect of Indiana's double jeopardy jurisprudence, where one conviction is elevated to a class A felony based on the same bodily injury that forms the basis of another conviction, the two cannot stand.'" *Id.* (quoting *Strong v. State*, 870 N.E.2d 442, 443 (Ind. 2007)). The trial court merged the convictions because both were enhanced to A felonies based on the same threatened use of deadly force.

> [T]here are times when a Court has to do a few things that the Court does not agree with and, in part, this is one of those times. In light of the case of [*Ramon*] versus the State of Indiana, 888 NE 2d 244, the Court believes that counts 1 and Count 2 must be merged in light of the charging information, file stamped April 30, 2015. The basis for that is the element of deadly force or the imminent threat of deadly force. It appears to the Court that it is the same deadly force or imminent threat used in both charges. That's what the law indicates, counts 1 and Count 2 [sic] must be merged, otherwise it is considered to be a double jeopardy violation.

Tr. p. 800.

[7] The State argues that the proper remedy to this double jeopardy problem was not to merge the convictions but to reduce one of the offending convictions to a lesser-included offense. "When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation." *Richardson v. State*, 717 N.E.2d 32, 54 (Ind. 1999). Specifically, the State contends that the trial court should have reduced Young's conviction for Class A felony criminal deviate conduct to Class B felony criminal deviate conduct, which requires only the use or threatened use of force rather than the threatened use of *deadly* force as an element.[1] The State further argues that there was ample evidence of physical force used by Young in forcing A.B. to fellate him distinct from the threatened use of deadly force supporting the rape conviction. We agree and remand with instructions that the trial court enter judgement of conviction for Class B felony criminal deviate conduct. *See Kovats v. State*, 982 N.E.2d 409, 414 (Ind. Ct. App. 2013) (Defendant was convicted of Class D felony OWI causing serious bodily injury and Class B felony neglect of a dependent causing serious bodily injury, with the same bodily injury used to support both convictions. This court found that

---

[1] "(a) A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when: (1) the other person is compelled by force or imminent threat of force;…commits criminal deviate conduct, a Class B felony.

(b) An offense described in subsection (a) is a Class A felony if: (1) it is committed by using or threatening the use of deadly force."

Ind. Code § 35-42-4-2 (2012).

the trial court's merger of convictions was insufficient to cure double jeopardy violations and the appropriate remedy for such a violation was to vacate the judgment for Class D felony OWI and enter a judgment for the lesser-included offense of Class A misdemeanor OWI.).

[8] Upon remedying a double jeopardy issue, "the trial court need not undertake a full sentencing reevaluation, but rather the reviewing court will make this determination itself, being mindful of the penal consequences that the trial court found appropriate." *Richardson*, 717 N.E.2d at 54. On remand for resentencing, we instruct the trial court to run any sentence imposed on the criminal deviate conduct conviction concurrent to Young's fifty-year sentence for rape.

[9] Additionally, the State argues that the trial court should have enhanced the rape conviction under the habitual offender statute and enhanced the criminal deviate conduct conviction under the repeat sexual offender statute. Again, Young did not reply to the arguments raised by the State. While it is permissible to impose multiple habitual offender enhancements on separate convictions, generally those enhancements must be run concurrently. In *Breaston v. State*, the Indiana Supreme Court held that "a trial court cannot order consecutive habitual offender sentences" even where the second enhanced sentence is imposed in an entirely separate proceeding. 907 N.E.2d 992, 994 (Ind. 2009) (citing *Starks v. State*, 523 N.E.2d 735, 737 (Ind. 1988)). The Court reasoned as follows:

> "[T]he power to order consecutive sentences is subject to the rule of rationality and limitations in the constitution…. it is apparent, from a study of the present statutes, that such statutes are silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively, when engaged in the process of meting out several sentences. In the absence of express statutory authorization for such a tacking of habitual offender sentences, there is none."

*Id*. (quoting *Starks*, 523 N.E.2d 736-37).

[10] We acknowledge a factual distinction between the instant case and those situations addressed in *Breaston* and *Starks*. In those cases, the Court addressed whether two *general* habitual offender enhancements could be run consecutively. Here, we address whether a general habitual offender enhancement and a *specialized* habitual offender enhancement—the repeat sexual offender enhancement—can be run consecutively. Despite the difference, we see no reason why the rationale of *Breaston* and *Starks* should not be similarly applied to this case. Just as there is no express statutory authorization for stacking general habitual offender enhancements, there is likewise no authorization for stacking general and specialized habitual offender enhancements. Accordingly, on remand, the trial court should apply the habitual offender enhancement to Young's rape conviction and apply the repeat sexual offender enhancement to the criminal deviate conduct conviction, to be run concurrently.

# Conclusion

[11] The trial court erred by merging Young's convictions for rape and criminal deviate conduct and by applying two enhancements to a single conviction. On remand, we order the trial court to enter judgment of conviction for Class B criminal deviate conduct. With regards to sentencing, Young's fifty-year sentence for rape, and thirty-year habitual offender enhancement, remain unchanged. Young's repeat sexual offender enhancement will be attached to his criminal deviate conduct conviction with both sentences running concurrent to the rape conviction for an aggregate sentence of eighty years.

[12] The judgment of the trial court is reversed and remanded with instructions.

Bailey, J., and Altice, J., concur.