## MEMORANDUM DECISION



Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Jul 26 2016, 8:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Herbert Cox III
Westville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Herbert Cox III,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 26, 2016

Court of Appeals Case No.
64A03-1509-CR-1505

Appeal from the Porter Superior Court

The Honorable Roger V. Bradford, Judge

Trial Court Cause No.
64D01-1208-FC-8140

**Riley, Judge.**

## STATEMENT OF THE CASE

[1]     Appellant-Defendant, Herbert Cox (Cox), appeals the trial court's denial of his motion to correct erroneous sentence.

[2]     We affirm.

## ISSUE

[3]     Cox raises one issue on appeal, which we restate as: Whether the trial court improperly denied his motion to correct erroneous sentence.

## FACTS AND PROCEDURAL HISTORY

[4]     On August 4, 2012, at approximately 4:15 p.m., Cox was driving a black 1997 Chevy Silverado on Old Porter Road in Porter County, Indiana, when an officer initiated a traffic stop. The officer had observed Cox's car travelling at 48 mph in a 30 mph posted zone. When the officer ran Cox's driver's license through the Bureau of Motor Vehicles' database, it reflected that Cox had been adjudged an Habitual Traffic Violator (HTV) with a lifetime suspension beginning from August 22, 1996.

[5]     On August 9, 2012, the State filed an Information, charging Cox with operating a motor vehicle while suspended as an HTV, a Class C felony. On June 16, 2014, Cox pled guilty to that offense, and, in exchange, the State agreed to dismiss another HTV, a Class C felony in a different cause number. In addition, the plea agreement capped the executed portion of Cox's sentence at five years. In the sentencing order dated September 22, 2014, the trial court

sentenced Cox to four years in the Department of Correction (DOC) pursuant to the terms of the plea agreement, and it ordered that Cox's sentence be served consecutively to his existing sentence in Lake County.

[6] On July 6, 2015, Cox, *pro se*, filed a motion to correct erroneous sentence claiming that on February 19, 2013, he was sentenced to seven years for an HTV offense in Lake County. According to Cox, the imposition of the instant four-year sentence consecutive to his existing HTV offense in Lake County led to an illegal sentence. On July 9, 2015, the trial court denied Cox's motion. Following the trial court's denial of his motion, Cox filed a motion to correct error on August 11, 2015. On August 13, 2015, the trial court denied Cox's motion.

[7] Cox now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Cox claimed that the trial court imposed an illegal consecutive sentence. We review a ruling on a motion to correct erroneous sentence for an abuse of discretion. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). A motion to correct erroneous sentence may only be used to correct sentencing errors that are apparent from the face of the sentencing order. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). As a result, claims that require consideration of the proceedings before, during, or after trial do not warrant relief. *Id*.

[9] Indiana Code Section 35-50-1-2 grants the trial court discretion to impose consecutive sentences in certain circumstances. But Indiana Code Section 35-

50-2-8, which authorizes the imposition of enhanced sentences for habitual offenders, is "silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively[.]" *Starks v. State*, 523 N.E.2d 735, 737 (Ind. 1988). In *Starks*, our supreme court construed the consecutive sentencing statute and the habitual offender statute to hold that trial courts are not authorized to order habitual offender sentences to be served consecutively. *Id*. To remedy the erroneous "stacking" of habitual offender sentences, the court ordered the two habitual offender sentences to be served concurrently. *Id*.

[10] Relying on *Starks*, Cox argues that the only remedy for his erroneous sentence is to order that his instant sentence is illegal or, in the alternative, order his sentences to run concurrently. In the present case, the trial court sentenced Cox to an executed sentence of four years in the DOC for his HTV offense. Also, the trial court ordered that sentence to run consecutively to his existing sentence in Lake County. Despite Cox's claim, the State argues that Cox has simply not provided an adequate record to determine whether he received an illegal consecutive sentence. Specifically, the State argues that Cox has not provided any documents from Lake County showing what charge or charges he faced there, and whether he received an habitual offender sentence.

[11] A party waives an issue where the party fails to provide adequate citation to authority and portions of the record. *Smith v. State,* 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005), *trans. denied; see* also Ind. Appellate Rule 46(A)(8) (requiring that contentions in appellant's brief be supported by cogent

reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal). We agree with the State that Cox has waived this claim by failing to provide an adequate record to assist in deciding his appeal.

[12] Waiver notwithstanding, Cox's claim is not one that may be addressed through a motion to correct erroneous sentence because it requires this court to look beyond the face of the sentencing judgment. Specifically, it requires a review of records from Lake County to determine whether Cox received a habitual offender sentence in that case. Therefore, a motion to correct erroneous sentence is an improper vehicle for Cox's claim. Accordingly, the trial court did not abuse its discretion in denying Cox's motion.

## CONCLUSION

[13] Based on the foregoing, we affirm the trial court's denial of Cox's motion to correct erroneous sentence.

[14] Affirmed.

[15] Kirsch, J. and Pyle, J. concur