## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 05 2020, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brandon E. Murphy
Cannon Bruns & Murphy, LLC
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darrell Derringer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 5, 2020

Court of Appeals Case No.
19A-CR-1565

Appeal from the Jay Superior Court

The Honorable Max C. Ludy, Jr., Judge

Trial Court Cause No.
38D01-1802-F6-23

**Baker, Judge.**

[1] Darrell Derringer appeals his conviction for Level 6 Felony Operating a Vehicle While Intoxicated,[1] arguing that the trial court erred by admitting certain evidence and by precluding Derringer's counsel from making a specific closing argument. Finding no error, we affirm.

## Facts

[2] On February 12, 2018, Jay County Sheriff's Department Deputy Tyler Hartzell initiated a traffic stop of Derringer on US 27 for travelling 38 miles per hour in a 20 miles-per-hour zone. As Deputy Hartzell approached Derringer's vehicle, he "detected the odor of burnt marijuana almost immediately." Tr. Vol. II p. 74. Deputy Hartzell asked Derringer to exit the vehicle, and Derringer complied. Deputy Hartzell noticed that Derringer had "red bloodshot eyes" and "slurred speech" and that Derringer "[s]taggered from the vehicle[.]" *Id.* at 77, 109. After Derringer failed a field sobriety test, Deputy Hartzell handcuffed him and transported him to the Jay County Security Center.

[3] At the Security Center, Hartzell conducted other sobriety tests on Derringer, and Derringer failed all of them. Then, Deputy Hartzell transported Derringer to a local hospital to complete a blood draw. The blood was sent to the State laboratory for a complete report, which revealed that Derringer's blood tested positive for traces of marijuana.

---

[1] Ind. Code §§ 9-30-5-2(a), -3(a)(1).

[4] On February 15, 2018, the State charged Derringer with one count of Level 6 felony operating a vehicle while intoxicated. On March 5, 2018, the State also filed a notice of intent to introduce the laboratory report into evidence. Derringer did not file a demand to confront and cross-examine the preparer of the laboratory report.

[5] During Derringer's April 25, 2019, jury trial, the State introduced the laboratory report as evidence. The State then asked Deputy Hartzell a series of questions about the protocol for handling blood samples, the procedure for having blood samples tested, the standards of the Indiana Department of Toxicology, and the ways in which laboratory reports are compiled and delivered to other State officials, such as investigators, the prosecuting attorney, and other deputies. *See generally id.* at 87-90. Deputy Hartzell described his experiences with these situations as a law enforcement officer and explained that he had followed the proper procedure to the best of his abilities.

[6] Derringer objected, arguing that "the State has failed to lay an adequate foundation for the report." *Id.* at 90. The trial court overruled Derringer's objection, finding that the State had laid the proper foundation and established a chain of custody. Additionally, the trial court noted that Derringer had waived any objection to the veracity of the laboratory report by failing to file a demand for confrontation and cross-examination of the report's preparer.

[7] During closing arguments, Derringer's counsel once again attempted to contest the admissibility of the laboratory report. The State objected, arguing that

Derringer's counsel should be precluded from making this argument because Derringer had already waived his right to confront and cross-examine the preparer of the laboratory report. The trial court sustained the State's objection, precluded Derringer's counsel from remaking this argument, and admonished the jury.

[8] At the conclusion of the trial, on April 26, 2019, the jury found Derringer guilty as charged. On June 17, 2019, the trial court sentenced Derringer to two years executed in the Jay County Security Center. Derringer now appeals.

# Discussion and Decision

### *Admission of Evidence*

[9] First, Derringer argues that the trial court erred by admitting the laboratory report. "The admission and exclusion of evidence falls within the sound discretion of the trial court[.]" *Reed v. Bethel*, 2 N.E.3d 98, 107 (Ind. Ct. App. 2014). Reversal of a trial court's decision to admit evidence is appropriate only where the decision is clearly against the logic and effect of the facts and circumstances. *Joyner v. State*, 678 N.E.2d 386, 390 (Ind. 1997). "Moreover, we will sustain the trial court['s] [decision on the admission of evidence] if it can be done on any legal ground apparent in the record." *Jester v. State*, 724 N.E.2d 235, 240 (Ind. 2000).

[10] Derringer contends that the State failed to lay an adequate foundation for the laboratory report's veracity. Specifically, Derringer argues that the State did not establish a chain of custody of the laboratory report to prove that it had not

been tampered with and, consequently, that admission of the report was erroneous.

[11] For laboratory reports, "[t]he State is required to show a chain of custody for the purpose of showing the unlikelihood of tampering, loss, substitution or mistake." *McCotry v. State*, 722 N.E.2d 1265, 1267 (Ind. Ct. App. 2000). "However, to show a chain of custody, the State need only provide a 'reasonable assurance' that the evidence was undisturbed as it passed from the custody of one person to the next." *Id.* (quoting *Kennedy v. State*, 578 N.E.2d 633, 639 (Ind. 1991)). So long as the State presents evidence that "strongly suggests" the exact whereabouts of the evidence at all times, there is a sufficient chain of custody. *Id.* "To mount a successful challenge to the chain of custody, one must present evidence that does more than raise a mere possibility that the evidence may have been tampered with." *Troxell v. State*, 778 N.E.2d 811, 814 (Ind. 2002).

[12] Additionally, pursuant to Indiana Code section 35-36-11-3, "[i]f the defendant wishes for the person who prepared the laboratory report to be present at the trial for cross-examination, the defendant must file a demand for cross-examination not later than ten (10) days after the defendant receives the notice filed under section 2 of this chapter[.]"

[13] In its assessment of the State's evidence regarding the chain of custody of the laboratory report, the trial court held as follows:

Exhibit 1, the top page is Indiana State Department of Toxicology and has Indiana State Department of Toxicology case number on it 18-01233. That's carried over to the NMS lab report cite number 18-01233, and it's – appears to me that the protocol was used to send this to the Department of Toxicology in Indiana. And I think it's been known that the State Department of Toxicology has been using an out-of-state lab on some things. But I see the report from NMS and what came back from the Department of Toxicology has the same patient ID number on it. And [Derringer] did not request the opportunity to cross-examine the people doing the test – the testing itself as required.

So therefore, the test is admissible, and I believe that there's a sufficient foundation at this point in time to allow the report in because the protocol was followed. It was sent to the Indiana State Department of Toxicology, sent to a Pennsylvania lab, but it still has the same patient number on it. It was returned to the Department of Toxicology, apparently, and then given to – the evidence was the State or the prosecuting attorney's investigator, and then to the deputy. So the objection will be overruled.

Tr. Vol. II p. 91-92.

[14] The record shows that based on his expertise and experience with toxicology reports, Deputy Hartzell provided reasonable assurance that the evidence was undisturbed as it passed from one person to the next. Moreover, the trial court reviewed the laboratory report and noted that Derringer had already waived any opportunity to contest the report's validity because he did not file a demand to confront and cross-examine the preparer from the laboratory. At every step of the process, there was direct and undisputed testimony about which individual or entity had control over the blood sample as it passed through multiple hands.

[15] Irrespective of this analysis and the trial court's reliance on Deputy Hartzell's testimony, Derringer still insists that "[t]he court was not provided with information regarding the storage of the blood sample, its transportation to the out-of-state laboratory or the practices of the out-of-state laboratory to ensure that the blood was properly analyzed." Appellant's Br. p. 9-10. However, the State was not required to describe every exact detail of the location of the blood sample as described in the laboratory report. Derringer's attempt to have this Court independently search for new evidence disproving the existence of the chain of custody is nothing more than a request that we reweigh the evidence, which we may not do. Thus, we find that the trial court did not err when it concluded that the State had met its burden in showing the chain of custody. Consequently, the trial court did not err by admitting the laboratory report.

### Closing Argument

[16] Next, Derringer argues that the trial court erred by precluding Derringer's counsel from making a specific closing argument. "The proper scope of closing argument is within the trial court's sound discretion." *Walls v. State*, 993 N.E.2d 262, 269 (Ind. Ct. App. 2013). A trial court errs in its decision regarding a closing argument only if the decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* "In seeking reversal of a conviction, it is incumbent upon the appellant to establish not only the trial court's [error] but also any resulting prejudice to his or her rights." *Id.*

[17] Specifically, Derringer contends that his counsel should have been able to contest the veracity of the laboratory report because the State failed to bring in

the preparer of the laboratory report. In other words, Derringer brings up the same argument that he made with regards to the admission of the laboratory report—namely, that "because the trial court restricted closing argument on an important part of the defense's argument, essentially that the laboratory report needed interpretation to prove intoxication beyond a reasonable doubt, the error was not harmless." Appellant's Br. p. 11.

[18] We find little merit to Derringer's argument. As we have already mentioned, the trial court is afforded sound discretion in how it defines the scope of closing arguments. In this instance, the trial court found that Derringer's counsel should not be permitted to essentially relitigate an issue that had already been resolved. During the earlier discussion on whether the laboratory report should be admitted, the trial court already determined that the State was not required to bring in the preparer of the laboratory report to verify its findings because Derringer had not requested it. In other words, the trial court was well within its right to curtail Derringer's counsel's statements on this matter so as not to confuse or mislead the jury regarding a settled topic. Further, Derringer proffers no evidence showing that the trial court's decision prejudiced his rights.

[19] Derringer does cite Indiana Code chapter 35-36-11—the Lab Report Statute—as overarching proof that the State did not follow the proper procedure for admission of the laboratory report. However, Derringer neglects to include any discussion about the sections of the statute relating to notice of intent, demand for cross-examination, and waiver of rights—issues that the trial court already addressed and ruled upon earlier in the trial. Vague recitation of Indiana law

without any further analysis or supporting caselaw does not a legal argument make. Thus, we find that the trial court did not err when it precluded Derringer's counsel from making this specific closing argument.

[20] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.