

FILED

Mar 02 2020, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Liisi Brien
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry W. Young,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | March 2, 2020<br><br>Court of Appeals Case No.<br>19A-PC-1217<br><br>Appeal from the Elkhart Superior<br>Court<br><br>The Honorable Kristine Osterday,<br>Judge<br><br>The Honorable Dean O. Burton,<br>Magistrate<br><br>Trial Court Cause No.<br>20D01-1706-PC-33 |

**Barnes, Senior Judge.**

## Statement of the Case

[1] Jerry Young appeals the post-conviction court's denial of his petition for post-conviction relief. We vacate and remand in part and affirm in part.

# Issues

Young presents two issues for our review, which we restate as:

I.   Whether the post-conviction court erred by denying Young's claim that his stipulation to habitual offender enhancements was not knowing, voluntary, and intelligent because he did not personally waive his right to a jury trial.

II.  Whether the post-conviction court erred by denying Young's claim of ineffective assistance of appellate counsel.

# Facts and Procedural History

The underlying facts, as stated in Young's direct appeal, are as follows:

On October 16, 2012 at around 1:00 a.m., A.B. arrived home and went to sleep on her couch. At around 3:00 a.m., A.B. was awaken[ed] by someone knocking on her door. Assuming it was one of her friends, A.B. opened the door. Instead, it was Young, who pushed his way into her apartment. A.B. did not know Young but had seen him before walking near her apartment. Young, who was intoxicated, sat down on A.B.'s couch, and A.B. tried to convince him to leave to no avail. Young told A.B. he wanted to "play a sexual game." Tr. p. 144. Despite A.B.'s refusal, Young said "We're going to do this," and forced A.B. to have sexual intercourse with him and to fellate him.

On April 29, 2015, the State charged Young with Class A felony rape, Class A felony criminal deviate conduct, and Class D felony intimidation. The State also alleged that Young was a repeat sexual offender and a habitual criminal offender. After a jury trial, Young was found guilty as charged and admitted to

being a repeat sexual offender and a habitual offender. At sentencing, the trial court merged the convictions for rape and criminal deviate conduct and sentenced Young to fifty years for rape and three years for intimidation to be served concurrently. The trial court also enhanced Young's sentence by thirty years due to his status as a habitual offender and an additional ten years based on his repeat sexual offender status, for an aggregate ninety-year sentence.

*Young v. State*, 57 N.E.3d 857, 858-59 (Ind. Ct. App. 2016), *trans. denied* (2017).

[4] On direct appeal, this Court found the trial court erred by merging Young's convictions for rape and criminal deviate conduct and by applying two enhancements to the single conviction. We thus remanded the case to the trial court with instructions to enter judgment of conviction for the lesser-included offense of Class B felony criminal deviate conduct. In addition, the trial court was instructed to attach Young's habitual offender enhancement to his rape conviction and to attach his repeat sexual offender enhancement to his criminal deviate conduct conviction. The two enhanced sentences were to be served concurrently for an aggregate sentence of eighty years. *See id.* On remand, the trial court followed our sentencing directive.

[5] In June 2017, Young filed his pro se petition for post-conviction relief, which he later amended by counsel. A hearing on Young's petition was held in September 2018, after which the court took the matter under advisement and allowed the parties to submit proposed findings of fact and conclusions of law. On May 7, 2019, the court issued its order denying Young's petition. This appeal ensued.

# Discussion and Decision

[6] To the extent the post-conviction court has denied relief, the petitioner appeals from a negative judgment and faces the rigorous burden of showing that the evidence, as a whole, leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Harris v. State*, 762 N.E.2d 163, 166 (Ind. Ct. App. 2002), *trans. denied*. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error — that which leaves us with a definite and firm conviction that a mistake has been made. *Kistler v. State*, 936 N.E.2d 1258, 1261 (Ind. Ct. App. 2010), *trans. denied*. In this review, findings of fact are accepted unless they are clearly erroneous, and no deference is accorded to conclusions of law. *Id.*

## I. Personal Waiver

[7] Young contends that his stipulation to the repeat sexual offender and habitual criminal offender sentencing enhancements constitutes a guilty plea and that this plea was not knowing, voluntary, and intelligent because he did not personally waive his right to a jury trial.

[8] First, we must determine whether Young's acknowledgement concerning the habitual enhancements was a guilty plea or merely a stipulation. The post-conviction court concluded that Young's stipulation was "essentially a guilty plea." Appealed Order p. 11, ¶ 23.

[9] In *Garrett v. State*, 737 N.E.2d 388 (Ind. 2000), the defendant claimed that his stipulation to the existence of prior offenses during the habitual offender phase

of his trial amounted to a guilty plea, and thus it was error for the trial court to accept the stipulation without advising him on various rights he would waive by pleading guilty. *See Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (trial courts are obliged to inform defendants pleading guilty that they are waiving right to trial by jury, right to confront one's accusers, and the privilege against compulsory self-incrimination). Our Supreme Court discussed the distinction between a factual stipulation and a guilty plea and stated: "A stipulation that seeks to establish certain facts does not constitute a guilty plea." *Garrett*, 737 N.E.2d at 392. Noting that Garrett's stipulation did not establish that he *was* an habitual offender but rather merely established the fact that the prior offenses existed, the Court concluded that the stipulation did not amount to a guilty plea. Consequently, the trial court was not required to advise Garrett as to the rights he would waive by pleading guilty.

[10] Here, in its order denying Young's petition, the post-conviction court reproduced, in its entirety, the parties' Stipulation on Prior Convictions. The following paragraphs of the stipulation are germane to our review:

> 1. THAT, prior to all relevant dates alleged in this cause of action, JERRY W. YOUNG ("Defendant") had accumulated the following prior unrelated conviction:
>
> On April 8, 2004, JERRY W. YOUNG, in the Elkhart County Superior Court Three, Elkhart County, Indiana, in Cause Number 20D03-0310-FC-177, was Convicted of Sexual Misconduct with a Minor as a Class D Felony under Indiana Code section 35-42-4-9(b)(1).

2. *THAT Defendant, having accumulated such prior unrelated conviction as of the date of the offense in this action, is a Repeat Sexual Offender* in that he had accumulated one (1) prior unrelated felony conviction for a sex offense under or substantially similar to I.C. § 35-42-4-1 through I.C. § 35-42-4-9 or I.C. § 35-46-1-3.

3. THAT, prior to all relevant dates alleged in this cause of action, JERRY W. YOUNG had accumulated the following prior unrelated convictions:

On or about the 1st day of April, 2000, in the County of Elkhart, State of Indiana, JERRY W. YOUNG committed the offense of Sexual Battery, a Felony, and was convicted and sentenced of said offense on or about the 28th day of December, 2000, in the Elkhart County Circuit Court, Cause No. 20C01-0005-CF-33, Elkhart County, Indiana, and;

On or about the 6th day of July, 1997, in the County of Elkhart, State of Indiana, JERRY W. YOUNG committed the offense of Battery on a Police Officer, a Felony, and was convicted and sentenced of said offense on or about the 7th day of November, 1997, in the Elkhart County Superior Court Three, Cause No. 20D03-9707-DF-22, Elkhart County, Indiana.

4. *THAT Defendant, having accumulated such prior unrelated convictions as of the date of the offense in this action, is a Habitual Criminal Offender* in that Defendant had accumulated two (2) prior unrelated felony convictions.

Appealed Order, pp. 7-8 (emphasis added).

[11]   In addition, the transcript from Young's trial shows that after the jury reached its verdict on the principal charges, the court sent the jurors back into the deliberation room. This colloquy then ensued:

> THE COURT: Mr. Young, I'm going to go ahead and administer an oath to you again, sir. Would you please raise your right hand for me. Thank you. Sir, do you solemnly swear or affirm under the pains and penalties for perjury to tell the truth, the whole truth, and nothing but the truth, so help you God?
>
> MR. YOUNG: Yeah.
>
> THE COURT: Thank you. Mr. Young, would you state your full name, please, for the record.
>
> MR. YOUNG: Jerry Young.
>
> THE COURT: Thank you. [Defense Counsel], with regards to the enhancement as to the Repeat Sexual Offender and the Habitual Criminal Offender Enhancement, how do you wish to proceed?
>
> [DEFENSE COUNSEL]: Judge, I believe we're going to proceed by stipulation.
>
> THE COURT: Thank you. [Defense Counsel], let's go ahead and take a factual basis as to the stipulation.
>
> [DEFENSE COUNSEL]: If we could hold on for just a second, Judge.

THE COURT:  Yes, ma'am.

[DEFENSE COUNSEL]:  Judge, if we could go back into the holding area so I can talk with my client for awhile.

Trial Tr. Vol. 4, pp. 128-29.[1]  The court was in recess for about four minutes; when it reconvened, the conversation continued as follows:

[STATE]:  I'm tendering to the Court a signed stipulation regarding repeat sexual offense and the habitual criminal offenses.

THE COURT:  Thank you.  If I may just have a moment. [Court Reporter], [State] has handed to the Court a Stipulation on Prior Convictions.  [State], on the Stipulation on Prior Convictions any additional record you want to make?

[STATE]:  No.  Thank you, Your Honor.

THE COURT:  All right.  [Defense Counsel], any additional record you want to make on the Stipulation of Prior Convictions?

[DEFENSE COUNSEL]:  I would just like to point out to the Court that to the extent my client has been able he has cooperated.

THE COURT:  Thank you.  All right.  We'll go ahead and show a Stipulation on the Prior Convictions, which the Court [interprets] as an admission on the part of Mr. Young to being a

---

[1] Our citation to the Trial Transcript is based on the .pdf pagination.

Repeat Sexual Offender pursuant to Page 2 of 3 of the charging information, as well as an admission on the part of Mr. Young to being an Habitual Criminal Offender as identified on Page 3 of 3 of the charging information. [Defense Counsel], any other comments or objections to the Court's interpretation as to the Stipulation on Prior Convictions?

[DEFENSE COUNSEL]:          No, Judge.

THE COURT:      All right. [State], any objections or comments on the Court's interpretation?

[STATE]:    No. Thank you, Your Honor.

*Id.* at 130-31.

[12]  Young's stipulation established the existence of his prior convictions, established that the prior convictions were unrelated, and confirmed that Young "is a Repeat Sexual Offender" and "is a Habitual Criminal Offender." Appealed Order, pp. 7, 8. Young's status was proved by his admissions contained in the stipulation, and there was nothing left to be determined. Moreover, the trial court accepted the stipulation, stating that it interpreted the stipulation as Young's admission to being both a repeat sexual offender and an habitual criminal offender. The court then specifically asked Young's counsel if she had any objections to the court's interpretation, and she replied in the negative. Young's stipulation was the equivalent of a guilty plea.

[13]  Having concluded that Young's stipulation amounted to a guilty plea, we turn to whether it was knowing, voluntary, and intelligent. Young specifically

asserts the lack of his personal waiver of a jury trial. In support of his argument, Young cites *Saylor v. State*, 55 N.E.3d 354 (Ind. Ct. App. 2016), *trans. denied*, in which this Court held that when a defendant pleads guilty to an habitual offender enhancement, he must personally waive his right to a jury trial on the enhancement. *Id.* at 366. For its part, the State acknowledges *Saylor* and simply states that it was wrongly decided.

As evidenced by the trial transcript, Young did not personally waive his right to a jury trial on the repeat sexual offender and habitual criminal offender enhancements. Accordingly, we vacate the adjudications on these enhancements and remand this case for a new trial on the repeat sexual offender and habitual criminal offender enhancements.

## II. Assistance of Appellate Counsel

Young next asserts that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on his rape conviction.

To prevail on a claim of ineffective assistance of counsel, a defendant is required to establish both (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defendant. *Johnson v. State*, 948 N.E.2d 331, 334 (Ind. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). To satisfy the first element, the defendant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's errors were so serious that the defendant was denied the counsel guaranteed by the Sixth Amendment. *Bethea*

*v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). In order to satisfy the second element, the defendant must show prejudice; that is, a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 1139. There is a strong presumption that counsel rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment, and the defendant has the burden of overcoming this presumption. *Harris*, 762 N.E.2d at 168-69.

[17] Further, because the strategic decision regarding which issues to raise on appeal is one of the most important decisions to be made by appellate counsel, counsel's failure to raise a specific issue on direct appeal rarely constitutes ineffective assistance. *Brown v. State*, 880 N.E.2d 1226, 1230 (Ind. Ct. App. 2008), *trans. denied*. "For countless years, experienced advocates have 'emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues.'" *Walker v. State*, 988 N.E.2d 1181, 1191 (Ind. Ct. App. 2013) (quoting *Bieghler v. State*, 690 N.E.2d 188, 194 (Ind. 1997)), *trans. denied*. Accordingly, on review, we should be particularly deferential to appellate counsel's strategic decision to exclude certain issues in favor of other issues more likely to result in a reversal. *Id.* To evaluate whether appellate counsel performed deficiently by failing to raise an issue on appeal, we apply a two-part test: (1) whether the unraised issue is significant and obvious from the face of the record, and (2) whether the unraised issue is "clearly stronger" than the raised issues. *Walker*, 988 N.E.2d at 1191.

[18]     On direct appeal, counsel raised the issue of the trial court's double enhancement of Young's rape conviction. This argument was successful, and this Court reversed and remanded with instructions to the trial court to attach Young's habitual offender enhancement to his rape conviction and to attach his repeat sexual offender enhancement to his criminal deviate conduct conviction, resulting in a ten-year sentence reduction.

[19]     Now Young claims that his appellate counsel should have raised the issue of the sufficiency of the evidence establishing the threat of deadly force element of his Class A felony rape conviction. In support of his argument, Young alleges that the evidence concerning a threat of deadly force was inconsistent such that, had counsel raised the sufficiency issue on appeal, his Class A felony conviction would have been reduced to a Class B felony.

[20]     To be sure, the jury heard inconsistent evidence as to any threats by Young. For instance, A.B. testified that Young threatened to kill her but then testified that Young had not said he was going to kill her but that he told her to stop crying or it would "be bad" for her—which A.B. took to mean that he would hurt her. Trial Tr. Vol. 1, p. 151. A.B. later clarified:

> [STATE]:     And you understand your testimony has been different than what you told the police detective?
>
> [A.B.]:       Yes.
>
> [STATE]:     Can you explain why that is?

[A.B.]:  Some parts of it I've forgotten and some parts of it I've just put out of my mind.

*Id.* at 161.  And:

[STATE]:  And you know that there are some discrepancies on the 911 call with what you testified today, as well.  Isn't that correct?

[A.B.]:  Yes.

[STATE]:  Didn't you say on the 911 call that the defendant had a knife?

[A.B.]:  Yes.

[STATE]:  Why did you say that?

[A.B.]:  Cuz I was – I assumed it was a knife when he had his hand in his pocket but I didn't actually see the knife.

Trial Tr. Vol. 2, pp. 23-24.

[21]  The offense of rape as a Class B felony was submitted to the jury on the verdict form as a lesser-included offense of the Class A felony rape.  The jury heard the evidence, viewed the witnesses as they testified, and had the option of the lesser-included B felony rape offense in front of them; yet, it still found Young guilty of the Class A felony.  Where contradictory or inconsistent testimony is presented at trial, it is up to the jury to resolve such conflicting testimony.  *Brown v. State*, 830 N.E.2d 956, 968 (Ind. Ct. App. 2005).  Raising this issue on

appeal would merely have been a request for this Court to reweigh the evidence and judge the credibility of the witnesses, which it cannot do. *See Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015) (appellate court neither reweighs evidence nor judges credibility of witnesses), *trans. denied*. Young has not shown that the unraised issue is clearly stronger than the issue raised by appellate counsel. Therefore, he has not met his burden of demonstrating that his appellate counsel performed deficiently.

## Conclusion

[22] Based on the foregoing, we vacate Young's habitual offender adjudications and remand for a new trial on those enhancements. We further conclude the post-conviction court properly denied Young's petition as to his claim of ineffective assistance of appellate counsel.

[23] Vacated and remanded in part and affirmed in part.

Kirsch, J., and Mathias, J., concur.